## DAVIS ET AL v. BIG HORN LUMBER COMPANY.

PLEADING—SUFFICIENCY OF PETITION—APPEAL AND ERROR—PREJU-
DICIAL ERROR—MECHANICS' LIENS—LIEN STATEMENT—STATUTORY
CONSTRUCTION—WORDS AND PHRASES.

1. In an action for the balance due for building materials and to enforce a mechanics' lien therefor, the amount due at the time of filing the lien is, as against a demurrer, sufficiently stated in a petition which alleges the making and date of the contract for furnishing of the materials at a certain alleged price, the date when the contract was completed, that plaintiff had kept and performed its part of the contract, and that defendant had not paid according to the contract, nor any part thereof, except a specified sum, appearing on the face of the petition to be less than the contract price

2. After the overruling of the demurrer to such petition, the defendant having answered admitting the furnishing of the materials as alleged, and that they were to be paid for when all of them were furnished, and alleging in defense a payment of the amount due therefor, the overruling of the demurrer was not prejudicial error if erroneous.

3. A judgment in a civil action will not be reversed for an erroneous ruling, where it clearly appears from the whole record that no prejudice could possibly have resulted to the complaining party from such ruling.

4. In the statute providing for mechanics' liens (R. S. 1899, Sec. 2893) which requires that the lien statement filed with the County Clerk shall contain "a true description of all the property, or so near as to identify the same, upon which said lien is intended to apply, with the name of the owner or owners, contractor or contractors, or both, if known to the person filing the lien," the word "owner" naturally means the owner at the time the statement is made and filed.

5. The name of the "owner" required to be stated in the statement filed to preserve a mechanics' lien is the name of the owner at the time the lien statement is filed, and not the name of one who parted with the property after the commencement of the improvement and before the filing of the lien.

[Decided June 12, 1906.]                    (85 Pac., 980.)

Error to the District Court, Sheridan County, Hon. C. H. Parmelee, Judge.

Action for a balance due for lumber and building materials, and to enforce a mechanics' lien therefor. From a judgment for the plaintiff the defendants prosecuted error. The material facts are stated in the opinion.

*M. B. Camplin,* for plaintiffs in error.

In the first cause of action attempted to be set forth in the petition facts sufficient to constitute a cause of action are not stated. If it is a suit on an account, an indebtedness should be alleged in a certain sum. There is no such allegation. Where the price is agreed upon, the petition should state when it became due and payable. Here there

is no allegation that it ever became due and payable, nor when the defendant agreed to pay. An exhibit is no part of the petition. The petition fails also to show the prerequisite facts to authorize foreclosure of the alleged lien. (Mason v. John, 82 Pac., 566; Crawfordsville v. Irvin, 46 Ind., 438; Dart v. Fitch, 23 Hun., 361; Breuchard v. City, 61 Hun., 564; Scerbo v. Smith, 38 N. Y. Supp., 570; Rev. Stat., Sec. 2893.) The pretended statement of lien was improperly admitted in evidence since it failed to state the name of the owner of the premises at the time of filing the lien. (Rice v. Carmichael, 34 Pac., 1010; Warren v. Quade, 29 Pac., 827; Blattner· v. Wadleigh, id., 165; Sag Miester v. Foss, 30 id., 80; 2 id., 50; White v. Mullins, 31 id., 801; Wyman v. Quayle, 9 Wyo., 326.)

*M. L. Blake,* and *Stotts & Blume,* for defendant in error.

The objection that the petition is insufficient is not properly before this court, not having been assigned as error. The demurrer was waived by answering over. (Mitchel v. McCabe, 10 O., 405; Cook v. Doty (Ia.), 59 N. W., 35; Freas v. Englebrecht, 3 Colo., 377; Stanbury v. Kerr, 6 Colo., 28; State v. Gloyd, 14 Wash., 5.) An assignment of error that the judgment should have been for the plaintiff instead of for the defendant is not sufficient. (Beek v. Baden, 3 Kan. App., 157; Newmark v. Marks (Ariz.), 28 Pac., 960.) Where an assignment merely states that the judgment is contrary to law it is insufficient. (Miller v. State, 3 Wyo., 657; Devada v. Miera (N. M.), 61 Pac., 125; Ward v. Sherman (Ariz.), 64 Pac., 434.)

There is no force in the contention that the petition should in so many words state that at the time of the filing of the itemized account and mechanics' lien, there was a certain amount due. The petition inferentially does state that. If the amount due was not paid at the time of the filing of the petition, it would certainly follow that four months previous to that time—that is at the time of the filing of the lien, the amount was not paid.

Any sale is necessarily a contract, and the courts have uniformly held that where no time is specified in the contract, the law implies that payment is to be made concurrently with the fulfillment of the contract on the part of the seller. The law, in such case, raises a presumption, and of course, such presumption need not be pleaded. (Ins. Co. v. Kahn, 4 Wyo., 364; Benj. on Sales, 707; Optical Co. v. Treat (Mich.), 46 N. W., 912; Moore v. Perrat (Wash.), 25 Pac., 906; Behrends v. Beyschlag (Neb.), 69 N. W., 835; Coil v. Willis, 18 O.)

Where, therefore, the law presumes the time of payment, when no time is specified, it is not necessary to allege it; and the petition would not be insufficient in this. Presumptions, as stated before, need not be pleaded. If the parties were not satisfied with the statements in the petition, as it stood, they should have made a motion for more specific statement. They cannot now, after judgment, be heard to complain of any such defect. The court on appeal from a judgment will disregard any errors unless prejudice appears. (Rainsford v. Massengale, 5 Wyo., 1; Kuhn v. McKay, 7 Wyo., 42.)

Even though it should be held that in a mechanics' lien statement the name of the owner at the time of filing the lien should be stated, the plaintiff in error, Davis, who was named as owner when the contract was made, cannot complain of the failure to name any other owner in the lien statement. As to the plaintiff in error, Peters, if, as claimed by her, she became the owner in July, then for several weeks thereafter she must have known that the material was being placed in the building, and she must have known that some kind of contract existed for that purpose, hence she cannot claim to have been injured by the absence of her name in the lien upon any equitable consideration. Only the legal owner need be mentioned. (Bitter v. Mouatt, 10 Colo. App., 307.) It would seem that the owner to be named is the owner when the contract was made. (Brown v. Wright, 25 Mo. App., 54; Kuhlman v. Schuler, 35 Mo.,

142; Gale v. Blaike, 126 Mass., 274.)   The statute as to
mechanics' liens should be liberally construed in favor of
the lienor.   (Ford v. Land Ass'n. (N. M.), 41 Pac., 541.)
Defects which are not vital or not prejudicial should be
overlooked.   (51 Pac., 519.)   A defective description of
the ownership will not avail the owner.   (McHugh v.
Slack (Wash.), 39 Pac., 674; Foundry Co. v. Augustine
(Wash.), 31 Pac., 327; Bissell v. Lewis, 36 Ia., 231;
Getchell v. Moran, 124 Mass., 404; Leiegne v. Schwarzler,
67 How. Pr., 130; Steinman v. Strimple, 29 Mo. App., 478;
Stone v. Taylor, 72 Mo. App., 482; Richards v. Lew-
isohn, 19 Mont., 128; Whiteselle v. Texas Agency (Tex.),
27 S. W., 309; Fruin, &c., Co. v. Jones, 60 Mo. App., 1;
McFadden v. Stark, 58 Ark., 7; Anderson v. Seams, 49
Ark., 479; Murray v. Rapley, 30 Ark., 568; R. Co. v. Wil-
cox, 122 Ind., 84; Peck v. Hensley, 21 Ind., 344.)   Defects
that are not misleading will not avail to defeat the lien.
(Schrot v. Black, 50 Ill. App., 168; Brockmeier v. Dette,
58 Mo. App., 607; Culmer v. Clift, 14 Utah, 289.

BEARD, JUSTICE.

The defendant in error, the Big Horn Lumber Company,
commenced this action in the District Court of Sheridan
County against the plaintiffs in error, George Davis and
Margaret E. Peters, to recover judgment against Davis
for a balance alleged to be due for lumber and building ma-
terials sold by the company to Davis on a verbal contract
for the erection of a building on certain lots in the town of
Sheridan and to foreclose a mechanics' lien therefor on said
building and lots.   From a judgment against Davis for the
amount claimed and a decree establishing and foreclosing
the lien the defendants below bring error.

The petition contains two counts: the first alleging the
making of a contract with Davis for the furnishing of
certain materials for the building for the sum of $398.10;
that the same had been furnished between June 30 and
September 15, 1904, according to the terms of the con-

tract; and that Davis had not paid therefor according to said contract, nor any part thereof except the sum of $246. An itemized statement of the materials is attached to the petition. It is also alleged that Davis was the owner of the lots at the time the contract was entered into and until July 21, 1904. In the second count, after alleging the furnishing of the materials, etc., it is alleged that an affidavit and statement for a lien was filed in the office of the County Clerk on January 9, 1905, and that Mrs. Peters claimed to own the property by virtue of a sale of the property to her by Davis. Davis filed a general demurrer to the first count of the petition, which was overruled, and that ruling is assigned as error. It is contended by counsel for Davis that the petition does not state when the amount claimed became due or that anything was due or to become due when the lien statement was filed. The petition is inartificially drawn, but a fair construction of it we think will not sustain this contention. It states the date of the contract and that certain materials were to be furnished for a specified purpose at a certain price; the date when the contract was completed; that the company had kept and performed its part of the contract; and that Davis had not paid according to the contract and had paid only $246. This substantially states that the balance was due and unpaid. But even if it be conceded that there was error in this ruling, it clearly appears from the record that Davis was not prejudiced thereby, for after his demurrer was overruled he filed his answer in which he admitted that the materials mentioned were furnished to him at the times stated in the petition for the building of a house on the lots described in the petition and were to be paid for when all of said materials had been furnished. His defense was a plea of payment. The rule is well settled that a judgment in a civil action will not be reversed for an erroneous ruling where it clearly appears from the whole record that no prejudice could possibly have resulted to the party from such ruling. The court found in favor of the company and against Davis for the amount claimed and rendered

judgment therefor. The evidence on that issue not being in the record cannot be reviewed here. The personal judgment against Davis is affirmed.

The only other ruling complained of which is discussed in the brief of counsel for plaintiffs in error, is alleged error in admitting in evidence, over objection, the lien statement filed with the County Clerk. This statement was objected to "on the ground of the insufficiency of the affidavit thereto or verification thereof; and that the same is wholly insufficient in law; the name of the owner of the premises, therein described and upon which a lien is claimed not given; and it not appearing therein or therefrom that the owner of said premises so described, was at the time of filing said lien, unknown to said claimant, the said plaintiff." It is stated in the claim filed and offered in evidence, that Davis was the owner of the lots at the time the contract was made and that the "materials were furnished on said contract although said Davis had sold said property before said house was fully completed." But it does not state who was the owner of the property at the time the lien statement was filed, neither does it appear either from the statement or the petition that the name of the owner of the property at the time of filing the statement was unknown to the party filing the same. The question presented is, whether the lien statement should contain the name of the owner of the property at the time the contract was made and the materials (or a part thereof as in this case) were furnished, or the name of the owner at the time the statement is filed.

Our statute, Sec. 2893, R. S. 1899, requires the statement filed in the office of the County Clerk to contain "a true description of all the property, or so near as to identify the same, upon which said lien is intended to apply with the name of the owner or owners, contractor or contractors, or both, if known to the person filing the lien."

The word "owner" as used in this section is not qualified in any way and naturally means the owner at the time the statement is made and filed. To entitle a contractor to a

lien he must of course have a contract with the owner or proprietor at the time of making the contract. (Sec. 2889, R. S. 1899.) That is a prerequisite to the lien and the lien can only be *created* by a substantial compliance with the statute. (Wyman v. Quayle, 9 Wyo., 326-31.) When thus created it is against the interest of the owner of the property when created. One who had parted with the title before that time would have no interest to be affected thereby. In Corbett v. Chambers, 109 Cal., 178, the court in construing a statute similar to ours said: "There is no limitation upon the term 'owner,' as used in the above section of the Code, nor does it refer to the owner with whom the contract for the improvement was made, or the owner at any other time than at the date of filing the claim.

"The object of requiring the claim to be filed in order to perfect the lien is to give notice of the lien to those interested in the property upon which it is claimed, and, as the owner at the time of filing the claim is the party to be affected thereby, rather than one who has parted with the property subsequent to the making of the original contract, it is reasonable to suppose that the Legislature intended the name of the owner at the time the claim was filed, rather than of the previous owner." It is also so held in Chicago Lumber Co. v. Mouatt L. & Inv. Co., 14 Colo. App., 107, 60 Pac., 179; Willamette Lumber Co. v. McLeod, 27 Ore., 272, 40 Pac., 93; Collins v. Snoke, 9 Wash., 566; Edwards v. Derrickson, 28 N. J. L., 39.

Again it is made the duty of the County Clerk by Sec. 2894, R. S. 1899, "to endorse upon every account so filed with him in his office the date of its filing and make an abstract thereof in a book to be kept for that purpose and properly endorsed and indexed, containing the date of its filing, the name of the person or persons seeking to enforce said lien, the amount claimed, the name of the person or persons against whose property the lien is filed and a description of the property charged therewith."

The person against whose property the lien is filed is the person who owns the property at that time and not one

who has parted with and has no title. The abstract which the clerk is required to make must necessarily be made from the instrument filed. He is not required to make inquiry or to search the records for the name of the person against whose property the lien is filed, and it follows as a necessary conclusion that the instrument filed must contain the name of such person. (Edwards v. Derrickson, *supra;* Missoula Mer. Co. v. O'Donnell, 60 Pac., 594 and 991; Corbett v. Chambers, *supra.*)

The statutes of some of the states are specific upon this point, but when as in our statute no date is mentioned we are of the opinion, upon both principle and authority, that the name of the "owner" required to be stated by Sec. 2893 is the name of the owner at the time the claim or lien statement is filed and not the name of one who had parted with the property after the commencement of the improvement and before the lien is filed. The lien statement filed, and admitted in evidence in this case, not containing the name of the "owner," as above construed, was insufficient to create a lien on the property, it not being stated either therein or in the petition that the name of the owner of the property was unknown to the person filing the claim, if indeed such a statement in the petition alone would be sufficient which we do not decide.

The District Court erred in admitting the lien statement in evidence; and the judgment in so far as it decrees a mechanics' lien upon the property described in the petition is reversed, and the judgment of the District Court is modified accordingly.

Plaintiff in error, Margaret E. Peters, will be allowed her costs in this court against defendant in error; and defendant in error will be allowed one-half of its costs, to be taxed against the plaintiff in error, George Davis.

*Modified.*

POTTER, C. J., and SCOTT, J., concur.