## QUINLAN v. ST. JOHN
(No. 958; Decided October 18, 1921; 210 Pac. 149)
(Rehearing Denied Feb. 3, 1922; 201 Pac. 149)

CONTRACTS—ESCROW AGREEMENT—TIME AS ESSENCE OF THE CONTRACT—RESCISSION OF CONTRACT—VENDOR AND PURCHASER—DEFAULT OF VENDEE—VENDOR'S WRONGFUL ACTS—REQUISITES OF EQUITABLE RELIEF AGAINST VENDOR.

1. In a law action by a vendee against his vendor for the recovery of installment payments and expenditures for improvements made by vendee under an agreement for the purchase of realty providing for the surrender of a deed by an escrow agent of the parties in case of default by vendee in making payments on specified dates, no equitable grounds for relief being invoked, time must be considered as of the essence of the contract in question.

2. Where escrow agreement provided that in default of payment of monthly installments, holder was authorized to deliver deed to grantor, a demand for the deed by the grantor on default of the vendee and surrender thereof to him did not constitute a rescission of the contract, but was a standing squarely upon the terms of the contract.

3. Where in an installment contract for purchase of realty, time is of the essence, and vendee defaults, he cannot recover purchase money paid, nor for improvements placed upon the property, without pleading facts to bring his case within recognized rules of equitable jurisprudence, even where the contract makes no provision for forfeiture.

4. Allegation of plaintiff, vendee in escrow agreement, under which grantor had retaken deed on default of vendee in monthly installment, that wrongful act of defendant in interfering with tenants of vendee and thereby causing them to withhold from vendee money debts, ''with other unavoidable hindrances,'' rendered plaintiff unable to meet the installments, was not sufficient upon which to base a recovery of installments of purchase money paid.

5. A vendee, invoking the aid of a court of equity to relieve him against a forfeiture caused by failure to meet payments according to the terms of his contract, must show affirmatively in his complaint that he is entitled to equitable relief, and he must show a difference in his favor between the purchase money paid, plus the enhanced value of the premises caused by improvements made by him and properly chargeable against the defendant, and value of plaintiff's use of the property.

ERROR to the District Court of Fremont County; HON. CHARLES E. WINTER, Judge.

Action by Bessie Quinlan against Edward T. St. John for the recovery of payments and expenditures for improvements made under an agreement between them for the purchase of realty. From a judgment dismissing plaintiff's first cause of action plaintiff brings error.

*J. J. Spriggs*, for plaintiff in error.

The petition sets forth the text of an installment contract between the parties, under which plaintiff paid $2275.00 and being unable to meet one of the installments when due, defendant took up the deed which had been placed in escrow, and deeded the premises to a third party, retaining all payments theretofore received, together with all improvements placed on the premises by plaintiff in error. The amended petition alleges that the inability of plaintiff in error to meet her payments was brought about by inter-

ference of defendant in error with tenants occupying the premises, making it impossible for her to meet her payments. Demurrer to the petition was sustained and an amended petition filed. Demurrer was filed to the amended petition which was also sustained and plaintiff refusing to further plead, judgment was entered dismissing said cause of action. Where a vendee has expended money for valuable improvements on the premises vendor is not entitled to recovery even in case of default. The remedy of vendor in case of default is to stand upon the contract and enforce collection of unpaid purchase price, or he may treat the default of vendee as a cause for rescission and restore vendee to *statu quo* less vendor's equitable damages. Vendor elected to choose the latter remedy and is restricted thereto. (Norris v. Letchworth, 152 S. W. 421.) There is a marked distinction between rescission of the contract by vendor and his right to declare a forfeiture of payments in the absence of an agreement of forfeiture on default. (Black on Rescission, Vol. 1, Sec. 1-7.) Where a contract does not provide for forfeiture as in the present case, the vendor on rescission must return payments received. (Eeidt v. Smith, 134 Pac. 1057.) A contract may, as in the present case, provide for a rescission for failure to pay but fail to provide a forfeiture in which case vendor must return all payments received. (Staley v. Murphy, 47 Ill. 241.) Time must be made the essence by mutual agreement before any forfeiture for failure to make monthly installments. (Douglas v. Hanbury, 104 Pac. 1110.) In which case vendee may recover for improvements. (Barrow v. Harter, 130 Pac. 1051.)

Equity requires a return to *statu quo*. (Black on Rescission, Vol. 2, Sec. 617.) The party who seeks to rescind must be free from defaults and have clean hands. The petition shows facts which if established would prevent rescission since defendant in error would thereby profit by his own wrong.

*V. H. Stone* and *Dillon & Kimball,* for defendant in error.

Upon order sustaining demurrer to first cause of action plaintiff refused to plead further and elected to stand upon that cause of action as plead; judgment was therefore given defendant. The controversy involves an agreement for the purchase of realty which is set out in the petition wherein it is complained that by taking up the deed, defendant rescinded his contract but retained the payments made thereon and the benefit of improvements placed upon the lots. There is no allegation of fraud nor offer to account to defendant for rents or profits and alleges no tender of amount due. 1. It is a settled rule in regard to contracts for sale of real estate that the party who has advanced money, or done an act in part performance of the agreement, and then stopped short and refused to proceed to its ultimate conclusion, the other party being ready and willing to perform, will not be permitted to recover back what has thus been advanced or done. (Ketchum v. Evertson, 13 Johns, 359; 7 Am. Dec. 384; Hansbrough v. Peck, 72 U. S. 497; Sanders v. Brock, 230 Pa. 609; 79 Atl. 772; Lawrence v. Miller, 86 N. Y. 131; Leiber v. Nicholson (Tex.) 206 S. W. 512; Skookum Oil Co. v. Thomas, 162 Calif. 539; 123 Pac. 363; List v. Moore, 20 Calif. App. 616; 129 Pac. 962; Hillyard v. Bauchor, 85 Kans. 516; 118 Pac. 67; Helm v. Rone, 43 Okla. 137; 141 Pac. 678; Beatty v. Wintrode (Okla.) 155 Pac. 574. 2 Sutherland on Damages (3rd Ed.) Sec. 585; 1 Pom. Eq. Juris. (3rd Ed.) Sec. 455; Battle v. Bank, 5 Barb. 414; Baston v. Clifford, 68 Ill. 67; Livengood v. Ball, (Okla.) 162 Pac. 766; Pfeifer v. Norman, 22 N. Dak. 175; 133 N. W. 97.) 2. A vendee who has declined to pay the purchase money at the times specified in the contract, has no cause of action, either to recover back money already paid, or for damages for defendant's refusal to go on with the contract. (Lakachowsky v. Utopia Land Co., 110 N. Y. Supp. 182; Beveridge v. West Side Const. Co., 114 N. Y. Supp. 521.) 3. The vendor's right to retain the purchase money, where default is made by vendee, is independent of

any express clauses in the contract for forfeiture of rights, or for retention of purchase money as liquidated damages, and such express clauses are but declarations in express terms of the legal rights of the parties under such a contract. (Glock v. Colony Co., supra; Skookum Oil Co. v. Thomas, supra.) 4. Time is of the essence of the contract without express stipulation to that effect. (Skookum Oil Co. v. Thomas, supra; Cheney v. Libby, 134 U. S. 68; 10 Sup. Ct. Rep. 498; Milnor v. Willard, 34 Ill. 38.) 5. That the contract of sale does not provide in terms for a forfeiture of payments made is immaterial. (Downey v. Riggs, 102 Ia. 88; 70 N. W. 1091.) 6. Even though stipulations for retention of purchase money and improvements in liquidation of damages is invalid because prohibited by statute, still a defaulting purchaser is not entitled to return of money in the absence of an equitable showing. (Cook-Reynolds Co. v. Chipman, 47 Mont. 289; 133 Pac. 694; Glock v. Colony Co., supra.) 7. One holding possession under contract of sale, upon default in payments can recover nothing for improvements placed on the property by him. (Barret v. Caldwell, 9 Wall. 290; Seymour v. Cleveland; 9 S. Dak. 94; 68 N. W. 171; Coleman v. Stalnacke, 15 S. Dak. 242; 88 N. W. 107.) 8. Relief to a vendee who has made default in a contract of which time is the essence can be granted only after showing of fraud, mistake, surprise or other ground of purely equitable cognizance. (Glock v. Colony Co., supra; Steinback v. Pettingill, 67 N. J. L. 36; 50 Atl. 443; Krisky v. Bryan, 115 N. E. 70; Fratt v. Daniels-Jones Co., 57 Mont. 487; 133 Pac. 700; Cook-Reynolds Co. v. Chipman, supra.) 9. Vendor does not "rescind" by declaring a forfeiture for failure of payment, or by taking possession. (List v. Moore, supra; Oursler v. Thatcher, 152 Calif. 739; 93 Pac. 1007; Beatty v. Wintrode, supra; Clark v. Anderson Co., 28 Mont. 476; 72 Pac. 980; Hays v. City of Nashville, 80 Fed. 641; Anvil Mining Co. v. Hamble, 153 U. S. 540; Black on Rescission, Sec. 1 to 7; Frank v. Bauer, 19 Colo. App. 452; 75 Pac. 930. 10. In the absence of allegations of fraud, mistake or other

ground of equitable jurisdiction, the action is one for money had and received. (Quigley v. King, (Mo. App.) 168 S. W. 285; Krisky v. Bryan, 115 N. E. 70.) And the petition should allege performance, or tender of performance or a breach by defendant. (Leach v. Rowley, 138 Calif. 709; Arnett v. Smith, 11 N. Dak. 55; Goldman v. Willis, 72 N. Y. Supp. 292; Ziehen v. Smith, 148 N. Y. 558, 560; 42 M. E. 1080; McGibbon v. Schmidt, (Calif.) 155 Pac. 460; Townsend v. Tufts, 95 Calif. 257; Poheim v. Meyers, 9 Cal. App. 37; 98 Pac. 65.) It must show either an express promise to re-pay, or allege facts from which the law will imply such a promise. (19 Enc. of Proc. p. 843; Stemmler v. Alsford, 153 N. Y. Supp. 8; Wheeler v. Mather, 56 Ill. 241; 8 Am. Rep. 683.) 11. If there be a cause of action here, it is not properly stated, and the petition is demurrable, because it does not offer to do equity, that is, to account for the value of the use of the property. (16 Cyc. 235; Overton v. Stevens, 8 Mo. 622; Peacock v. Terry, 9 Ga. 137; Post v. Bank of Utica, 7 Hill (N. Y.) 391; Collins v. City of Detroit, 41 Mich. 128; 1 N. W. 902; Davis v. Gaines, 104 U. S. 386; Buena Vista Co. v. Tuohy, 107 Calif. 243; 40 Pac. 386.) This is not a case of rescission but one of failure to perform which brought the contract to an end. It is unnecessary that a stipulation making time the essence of the contract should be inserted therein since the intention of the parties is made plain by its terms. A purchaser of real estate under a contract; defaults in payments has no right to recover payments previously made or for improvements made during his occupancy. (Ketchum v. Everton, supra.) Equity will not relieve vendee against forfeiture incurred by a breach of condition precedent. (1 Pom. Eq. J. 3rd Ed. 455; Sanders v. Brock, supra.) The allegation of interference by defendant in error with tenants of plaintiff in error is absolutely insufficient to charge defendant with responsibility for plaintiff's failure to make her payments.

TIDBALL, District Judge.

This action is here upon proceedings in error instituted by plaintiff in error, who was plaintiff below, against defendant in error, who was defendant below.

The plaintiff's amended petition in the court below consisted of two alleged causes of action separately stated and numbered. The defendant demurred to the first cause of action set forth in said petition upon the ground that the first cause of action did not state facts sufficient to constitute a cause of action. This demurrer was sustained by the trial court. Thereupon, plaintiff refused to further amend her petition and elected to stand upon it, and the court accordingly rendered judgment, dismissing the first cause of action.

The only question before this court is whether the trial court erred in sustaining the demurrer and dismissing said first cause of action.

The allegations of the first cause of action contained in plaintiff's amended petition are substantially as follows:

That on December 20th, 1911, plaintiff and defendant entered into an escrow agreement for the purchase of certain lots in Lander, Wyoming, said agreement reading as follows:

"Lander, Wyo., Dec. 20, 1911.

"To Ben Sheldon:—

This envelope contains a deed from Edward T. St. John to Beatrice Bright, which you are requested to hold in escrow upon and under the following conditions, viz: The said Beatrice Bright is to pay to you the sum of $75 on the 9th day of each and every month until the full sum of $3,-900.00 shall be paid, said payment of $75 to commence on the 9th day of January, 1912. When the full sum of $3,900 is paid, you are authorized to deliver said deed to the said Beatrice Bright. In the default of the payment to you of $75.00 each month at the time and in the manner hereinbefore provided, then and in that event you are authorized to deliver said deed to the said Edward T. St. John.

In witness whereof we have hereunto subscribed our names.

Edward T. St. John.
Beatrice Bright.

That the envelope mentioned in the above agreement contained a warranty deed executed by defendant, conveying certain land to plaintiff, which is the deed referred to in the above writing.

That plaintiff met the payments regularly and on time until the sum of $2,250 was paid, and that during said time she placed valuable improvements on the land to the value of approximately $900.

That on July 9th, 1914, an installment of $75 became due under said escrow agreement, "but through the wrongful acts of defendant in interfering with the tenants of plaintiff and thereby causing them to withhold from plaintiff money due her from said tenants, which with other unavoidable hindrances, plaintiff was unable to meet the installment due July 9, 1914, in the amount of $75 on the exact day it became due and further says that she pleaded with defendant for an extension of a few days' time in which to meet said installment," but that defendant refused to extend the time and recalled said deed from escrow and on July 25th, 1914, sold the property in question to another person "and also taking possession of and appropriating to his own use the said improvements so placed on said property by the plaintiff."

The petition then alleges that by taking up the deed, defendant "rescinded said escrow agreement," but refused to and still refuses to return to plaintiff the $2,250 paid on the contract or to reimburse her for the improvements she placed on the land, as he is legally bound to do.

The prayer is for the recovery of the $2,250 paid on the contract, with interest from the dates of the several payments, and for $900, the value of the improvements, with interest from July 25, 1914.

There is no allegation in the petition that the Beatrice Bright, a party to the escrow contract, and Bessie M. Quin-

lan, the plaintiff, are the same person. However, the defendant makes no point of this in his brief and virtually concedes the fact. There is also no direct allegation in the petition that plaintiff was in possession of the property during the life of the escrow agreement, the only allegations bearing upon the question being the allegations that plaintiff placed improvements on the property and that defendant, when he recalled the deed from escrow, took possession of said improvements. However, both sides in presenting the case to this court have assumed that plaintiff was in possession during the life of the escrow agreement and so we shall assume that to be the fact. The allegation that the failure of plaintiff to pay the $75 installment falling due July 9th, 1914, was caused by the act of defendant "in interfering with the tenants of plaintiff and thereby causing them to withhold from plaintiff money due her from said tenants, which with other unavoidable hindrances, plaintiff was unable to meet the installment" is likewise very indefinite. The court is not informed whether or not the tenants so interfered with were tenants occupying the premises in question, in what manner they were interfered with, or what the other unavoidable hindrances were. Nor is there an allegation that except for said interference plaintiff would have been able to meet the payment on time, nor are the facts pleaded showing this to be true. There is likewise nothing in the petition to show the court that the plaintiff has been damaged, that is, it is not shown that the money paid and improvements made and taken by defendant were of greater value than the use of the property during the time it was occupied by plaintiff, nor that the improvements were of such a permanent nature as to add anything to the value of the property. Neither does the petition show whether and to what extent the value of the property was enhanced by the improvements placed thereon by plaintiff, nor whether they were made with the vendor's consent.

The petition alleges that defendant, when he took up the deed, after failure of plaintiff to meet the payment falling due on July 9th, 1914, rescinded the escrow agreement.

While this allegation is probably a legal conclusion on the part of the pleader (31 Cyc. 60), nevertheless the plaintiff's brief presents the case upon the theory that the facts alleged in the petition constituted a rescission and that therefore the defendant is bound to place the plaintiff in *statu quo*.

There is no allegation in the petition that plaintiff ever tendered the installment due on July 9th, 1914, or ever offered to pay said installment.

The plaintiff in error contends (1) that time was not of the essence of the contract in question; (2) that defendant rescinded the contract and therefore must place the parties in *statu quo;* (3) that defendant by his own wrongful acts, as alleged in plaintiff's petition, prevented plaintiff from meeting the installment falling due on July 9th, 1914.

We shall briefly discuss these several contentions, bearing in mind that this is purely a legal action in the nature of an action for money had and received and that the petition is not sufficient, as we shall hereafter show, to invoke the equitable relief of the court.

"When it is said that time is of the essence, the proper meaning of the phrase is that the performance by one party at the time specified in the contract or within the period specified in the contract is essential in order to enable him to require performance from the other party"—(2 Williston on Contracts, 1621.) "Although it seems now to be customary to insert that 'time shall be of the essence of the contract' if it is so intended, yet an examination of the cases will show that these words are not essential. Any words that show the intention of the parties to be that time shall be of the essence of the contract, or any clause which provides in unequivocal terms that if the fulfillment is not within a specified time, the contract is to be void will have that effect"—(6 R. C. L. 899. See also note in 104 Am. St. Rep. 268 *et seq.;* 39 Cyc. 1369.) The escrow agreement in this case provides that "In default of the payment to you of $75.00 each month *at the time and in the manner* hereinbefore provided, then and in that event you are authorized to deliver said deed to Edward T. St. John." We

think that in a purely law action, invoking no equitable grounds for relief, time must be considered as of the essence of the contract in question.

Did defendant by recalling the deed from escrow after the default of plaintiff rescind the contract? We think not. He stood upon the terms of the contract. As was said in the case of Hansbrough v. Peck, 5 Wall. 497, 18 L. Ed. 520, ''The position (of the plaintiff) is, that there is no longer a subsisting contract, as an end has been put to it by the vendor, and he has in consequence resumed the possession, and claims to hold the estate the same as if no contract had ever existed, and that in such case the purchaser upon settled principles of law and equity, is at liberty to recover back the consideration paid and the value of the improvements. But the difficulty is, that the vendor has only availed himself of a provision of the contract—which entitled him to put an end to it and be restored to the possession. It is a proceeding in affirmance, not in rescission of it, by enforcing a remedy expressly reserved in it. Indeed, without such clause or reservation, the remedy would have been equally available to him.'' Also, in the case of Glock v. Howard & Wilson Colony Co., 123 Cal. 55 Pac. 713, 43 L. R. A. 199, the court said: ''But the vendor, in refusing to accept the tender and to repay the money, is neither violating his contract nor rescinding it, nor treating it as at an end. He is standing squarely upon its terms.'' In the case at bar, the defendant did exactly what the contract provided he might do and nothing more nor different. He did not rescind the contract. It is true, the plaintiff pleads a rescission and the defendant's demurrer admits all of the facts properly pleaded. But even if the pleading of a rescission by the plaintiff is the pleading of a fact, the other facts pleaded by plaintiff show there was no rescission.

In an installment contract, such as the one at bar, for the purchase of realty, where time is of the essence, or when the prompt payment of the installments is made a condition precedent, as here, and the vendee defaults and without pleading sufficient facts to bring his case within recognized

rules of equitable jurisprudence sues at law to recover payments made, the overwhelming weight of American decisions are to the effect that he cannot recover the purchase money paid, nor for improvements placed upon the property. (Hansbrough v. Peck, supra; Glock v. Howard & Wilson Colony Co., supra; Sanders v. Brock, (Pa.) 79 Atl. 772, 35 L. R. A. (N. S.) 532 and note; L. R. A. 1918 B, Note, page 540; 27 R. C. L. 625; 39 Cyc. 1639, 1401, 2025, 2075; 107 Am. St. Rep. (note), 730.) (See also "Forfeiture for Breach of Contract," by Professor Ballantine, Minnesota Law Review for April, 1921.) In the case of Lytle v. Scottish American Mrtg. Co., 122 Ga. 458, 50 S. E. 402, which is often cited by text writers as being opposed to the majority rule, the court says: "Of course, where the vendee makes default, he cannot take advantage of his own wrong, so as to give himself a standing as plaintiff in an action to recover for improvements or purchase money paid in part performance of the contract of sale. Such claim can only be asserted defensively." And this is generally held to be the rule even where the contract makes no provision for forfeiture of the money paid. (Glock v. Howard & Wilson Colony Co., supra; 39 Cyc. 2027; 2 Williston on Contracts, § 791, p. 1514; Downey v. Riggs, 102 Iowa 88, 70 N. W. 1091.) "It is difficult to see why such a provision should affect the question since the buyer's right of return, if he ever has such a right, is given him by law necessarily in opposition to the terms of the contract"—2 Williston on Contracts, 1514.) There are, however, some cases apparently to the contrary. (2 Williston on Contracts, 1514.)

The case at bar is distinguishable from the case of Johnson v. McMullen, 3 Wyo. 237, 21 Pac. 701, 4 L. R. A. 670. In that case there was a contract of sale, the deed to be delivered when the notes given for the purchase price were fully paid, and there was no provision for redelivery of the deed to the vendor upon the failure of the vendee to make the payments on time, but even if time was originally of the essence of that contract, such provision was clearly waived, as shown by the opinion in the case, by the act of

the vendor in failing to forfeit the contract upon breach by plaintiff. In that case also, the contract was never terminated by the vendor when the notes were not paid at maturity, but he allowed the contract to continue in full force, retained the notes, and sold the property to a third person. The court said: ''If plaintiff failed to pay her notes at maturity, defendant had it in his power to tender the deed and recover the amount of the notes by suit; or, upon the other hand, it was his right to deliver to plaintiff her notes, and declare a forfeiture of the contract, provided the contract provided for a forfeiture. He did neither, but retained the notes and sold the property to a third party, leaving the contract in full force.'' It is a case quite different from the one at bar.

This disposes of all the contentions of the plaintiff in error, except that allegation of the petition ''that through the wrongful acts of defendant in interfering with the tenants of plaintiff and thereby causing them to withhold from plaintiff money due her from said tenants, which with other unavoidable hindrances, plaintiff was unable to meet the installment on July 9, 1914, in the amount of $75, on the exact day it became due.''

Assuming that where, in an action like the one at bar, the petition sufficiently alleges that the defendant by his own wrongful act prevented the plaintiff from meeting an installment when due, the plaintiff may recover back what he has paid in part performance of the contract, we do not think the allegation sufficient. It does not allege that defendant by his wrongful act prevented the payment. At most, it merely alleges that the act of defendant, coupled with other unavoidable hindrances, prevented the plaintiff from meeting the installment when due. To base a recovery upon such an allegation, it should at least state facts showing that except for the wrongful acts of defendant the plaintiff could have met the payment when due.

Our conclusion, then, is that under the facts in the case at bar, as set forth in the plaintiff's petition, she is not entitled to recover either the installments paid under the con-

tract before its forfeiture by defendant, nor the money she expended by way of improvements.

Neither do we believe that the petition states facts sufficient to entitle plaintiff to equitable relief, even assuming, without deciding the point, that under a proper petition, she would be entitled to relief.

In the case of Wheeler v. Mather, 56 Ill. 241, 8 Am. Rep. 638, which was an action in assumpsit for money had and received, involving the same questions as the case at bar, and which was decided upon a rehearing after the case had "received an extended and careful reconsideration," the court after holding that plaintiff could not recover in such an action for purchase money and improvements placed on the property uses this language: "We do not, however, hold or mean to be understood as holding, that these rules cover the entire subject-matter. There may be cases where a vendee, chargeable with a technical default under such a contract, might under particular circumstances be entitled to other relief, as in a case where he had paid a large portion of the purchase money, made valuable improvements upon the property, and his default was the result of fraud, accident or mistake; or the vendor should attempt to exercise the power of forfeiture in a case not fairly within its scope; or unfairly and oppressively, with a view of taking an undue advantage of the vendee by a forfeiture of payments and improvements; and in all other cases falling within the principles by which courts of equity are governed, the vendee may resort to such court to restrain the act of the vendor, if about to be done, or if accomplished, to set it aside, and to have the equities of the parties arising from their relations adjusted according to the circumstances of each case."

But assuming that plaintiff might under a proper petition be entitled to relief at the hands of a court of equity, what facts must she set forth in her petition and to what relief would she be entitled?

If entitled to recover at all, it must be upon the ground

that equity will, under certain circumstances, relieve against a forfeiture and the circumstances sufficient to invoke the aid of a court of equity must be shown by the petition. The rule is not that, upon the forfeiture of a contract by the vendor, the vendee may recover the purchase money paid and the value of all improvements placed on the property by the vendee regardless of their nature or lasting qualities. In the case at bar, the act of defendant was caused by, and the result of, the failure of plaintiff to strictly fulfill the contract on her part by meeting the payments when due under the terms of the contract. In such a case, all that the vendor is bound to do when he forfeits the contract, and all that a court of equity will require him to do, is to place the vendee in *statu quo*. In some cases this might involve the return of all payments made and the payment for all improvements made by vendee. This would probably be true if the vendor had retained possession of the property during the life of the contract and if the improvements placed on the property were placed there with the vendor's consent and actually enhanced the value of the property to the full extent of their cost. But in the case at bar, the vendee was in possession. She does not offer to account for the value of the use of the property during the time she held it. She does not show that the payments made by her were of a greater amount than the rental value of the property. She does not show the nature of the improvements, whether permanent or otherwise, nor how much they enhanced the value of the property nor whether placed there with the consent of the vendor. In other words, the plaintiff utterly fails to plead facts sufficient so that the court can say what the equity of the case is. We think this essential to the statement of a good cause of action. It may be said that the defendant could set these matters up in his answer, and, of course, he could, but the plaintiff is here invoking the aid of a court of equity to relieve her against a forfeiture caused by her failure to meet payments according to the

terms of her contract, and in order to invoke that aid, she must show affirmatively that she is entitled to relief. The court cannot presume for her that, when equity is done between her and the defendant, she will be entitled to anything. The burden is on her to show this by her petition, or she fails to state a cause of action. For aught the court knows, with her petition in its present form, the rental value of the property may have equalled or exceeded the monthly payments made; and the improvements may have been merely repairs or temporary improvements and may not have enhanced the value of the property.

What the plaintiff is entitled to recover, if anything, is not the purchase money paid and cost of improvements, but the difference between the purchase money paid, plus the enhanced value of the premises caused by the improvements made by her and properly chargeable against the defendant, and the value of plaintiff's use of the property. This being true, it would seem to follow inevitably that in order to recover at all, she must show by her petition that there is a difference in her favor and of what it consists. This she has failed to do, so how can it be said that she has stated a cause of action?

We believe the above observations are fully sustained by the decisions and the rules of pleading as set forth in text books, encyclopedias and adjudicated cases.

In the case of Lytle v. Scottish American Mrtg. Co., supra, the plaintiff pleaded the facts showing that he was entitled to relief and offering to do equity. In the course of its opinion the court says: "When the vendee sets up any right (in his pleading), he is also bound to recognize that of the opposite party, and is equally bound to do equity before he can secure relief. He is not entitled to a return of his purchase money until he has allowed, as a deduction therefrom, all damages caused by his breach—one element of which will be the fair rental of the property during the time he occupied it, even up to verdict * * *

If the vendor elects to take back the land, he must return the purchase money, less damages and rent. If the land has been improved, he must allow the vendee for the *enhancement in value* occasioned thereby, before he can take the land thus improved. But the vendee cannot force the vendor to pay for the building or other meliorations. When the vendee asks compensation therefor, another factor is injected into the case, whereby he loses that absolute right to the purchase money and forces an account under which he can secure only what legally comes to him on a sale of the property.''

''In the absence of some provision in the contract fixing a different measure of compensation, the amount recoverable for improvements is not what it cost to put them on the property, but the enhanced value of the property, not exceeding the amount expended for the improvements, and from this is to be deducted an amount equivalent to the fair rental value of the premises.'' (39 Cyc. 1402.)

''Upon rescission by the vendor, the purchaser is to be charged with a fair rental value of the land from the time of his acquired possession.'' (39 Cyc. 1403.)

''As a condition precedent to the action for the recovery back of purchase money paid to the vendor, the purchaser must put the vendor in *statu quo.* Thus where plaintiff seeks to recover the purchase money paid by him for land, treating the contract of sale as rescinded, he must account for the value of the use thereof while he was in possession.'' (39 Cyc. 2051.)

''It (the stating part or premises of the bill in equity) must aver every fact necessary to show his (plaintiff's) title and right to relief, and such facts cannot be supplied by reference to other parts of the bill. The facts should be stated so distinctly and completely that the chancellor may, from the face of the bill, see that he has jurisdiction and *tell precisely what decree should be rendered,* supposing the bill to be true.'' (21 C. J. 386.)

In the case of Gates v. McLean, 70 Cal. 42, 11 Pac. 489, speaking of a vendee's right under rescission against a defaulting vendor, it is said that it is the vendee's duty "to restore the possession, in which case he may recover the purchase money advanced and the interest, together with the value of his improvements, deducting therefrom such sum as the use of the premises may reasonably have been worth." To the same effect is Barrows v. Harter, (Cal.) 130 Pac. 1050. Though this last case is decided under a statute, the court says the rule would be the same in equity without the statute.

In the case of Cornely v. Campbell, (Ore.) 186 Pac. 563, 187 Pac. 1103, which was an action by vendee to recover the value of certain land transferred by him to the vendor in part payment of the purchase price of lands purchased by vendee from the vendor, the contract of purchase having been rescinded, while the question of a sufficient pleading on the part of the vendee was not involved in the case, it appears from the opinion of the court that the vendee, while not offering to account for rents while he occupied the land, showed that the value of such rents was more than compensated by the work expended and improvements made by him upon the land while he occupied it and that therefore (quoting from the complaint) "no accounting for the rents and profits from said lands would be necessary to place the defendant in *statu quo.*" This case and many others that we do not cite show that the counsel conducting the cases for plaintiff deemed it necessary to either account for the rents and profits or show a sufficient excuse for not doing so.

In the case of Woodard v. Williamette Valley Irrigated Land Co., 89 Ore. 10, 173 Pac. 262, the plaintiff vendee in suing for the return of the purchase money tendered possession and a quit-claim deed and offered to account to the defendant vendor for the rents and profits during his occupancy and asked for the difference found due. In its opinion the court says: "Each party having consented to a

rescission of the contract, neither can base a claim on such contract except insofar as is necessary to the restoration of the *statu quo.*"

We are therefore of the opinion that plaintiff's petition fails to state a cause of action either as an action at law for money had and received or as an action in equity for an accounting and relief from a forfeiture, and it follows that the demurrer to the petition was properly sustained and that the judgment should be affirmed. It is so ordered.

*Affirmed.*

POTTER, C. J., and BLUME, J., concur.

## ON PETITION FOR REHEARING

POTTER, Chief Justice.

The judgment of the district court complained of in this case having been affirmed (201 Pac. 149), the plaintiff in error has filed a petition for rehearing. No material point is presented that was not considered in the former opinion, but the grounds stated for rehearing are that the court erred in the conclusions and the reasons therefor stated in that opinion. The case was given a very careful and thorough consideration on the former hearing, and, although it was then submitted upon the briefs without oral argument, we reached the conclusion stated only after an exhaustive examination of the authorities upon the questions presented; and after a candid and careful consideration of the brief in support of the petition for rehearing we remain convinced that the cause was correctly decided, and are of the opinion that a rehearing could serve no useful purpose. Nor do we think it necessary to again discuss the several questions considered in the former opinion, for our views are, we think, clearly expressed therein.

But counsel for plaintiff in error, in his present brief, fails to distinguish between what was held or stated in the former opinion upon the question of the right of plaintiff to recover the money paid on the theory that the defendant

had rescinded the contract, and what was held and stated as to the sufficiency of the amended petition to entitle the plaintiff to relief in equity against a forfeiture; and in some respects the criticisms of the statements in the former opinion by the petition for rehearing and the brief are not justified by the facts or misconstrue what was intended by the court. It seems proper, therefore, to explain the court's position and its understanding of the record in those particulars.

As shown by the former opinion, the theory of the amended petition is and the contention of counsel for plaintiff in error at the former hearing was that the defendant, as vendor, rescinded the contract by recalling the deed from escrow upon the failure of the plaintiff, as vendee, to pay a certain installment of the agreed purchase price when it became due under the contract. And we held that the act of the vendor in so recalling the deed, in view of the provisions of the contract, did not amount to a rescission and therefore furnished no ground for the recovery of the money paid in an action at law on the theory that because of his rescission of the contract it became the defendant's duty to refund the money paid, and pay for improvements placed upon the property by the vendee. And the controlling principle upon that theory of the case under our interpretation of the contract was stated substantially as follows: That in an installment contract for the sale of real estate, where time is of the essence, or where the prompt payment of the installments is made a condition precedent, and the vendee defaults, and, without pleading sufficient facts to bring his case within recognized rules of equitable jurisprudence, sues at law to recover the money paid, he cannot recover the purchase money paid, nor the improvements placed upon the property; the court having held that in an action at law, involving no equitable grounds for relief, time must be considered as of the essence of the contract in question.

Following a statement of the averments of the amended petition, upon which the judgment had been rendered after sustaining a demurrer to that petition and the refusal of plaintiff to further plead, and before proceeding to discuss the case upon the contentions of plaintiff in error, reference was made in the former opinion to the absence from the petition of any averment as to certain facts and as to other facts the absence of a direct or definite allegation, and some of the statements there made are criticized by the petition for rehearing and the brief in support thereof as requiring unnecessary allegations in the petition or as erroneously construing it. With the exception of what was said in that part of the opinion referring to the allegations as to the cause of plaintiff's default in payment, the statements criticized were not intended as controlling the decision of the cause upon the theory of a rescission of the contract by the vendor, as we think clearly appears from the opinion showing distinctly the points upon which the case upon that theory was decided. But for the most part such statements referred to matters to be considered upon the question of the sufficiency of the petition to show a right to equitable relief, which, although not suggested in the brief of plaintiff in error, was intended to be and was discussed after disposing of the contentions of plaintiff in error stated in the opinion.

Thus, one of such statements now criticized is that there is no allegation that plaintiff had ever tendered or offered to pay the installment due on July 9, 1914. That was not stated as a ground for the decision upon either of the questions considered in the opinion, and the fact was not again referred to in the opinion. The absence of such an allegation was stated for the purpose merely of eliminating from the case any question of tender or offer to pay by showing that through the absence of averment it was not involved. It did not misstate a fact and is no ground for rehearing or complaint. Again, the plaintiff in error complains of the statement in said former opinion that the amended pe-

tition contains no allegation that the person who had
signed the contract as vendee and the plaintiff are one and
the same person, and it is said in the brief that such state-
ment was an unjust criticism of the petition. That was not
stated as a ground for the court's conclusion that the de-
murrer had been properly sustained, but, instead of being
adverse to the plaintiff, the statement was decidedly in
her favor, for we said in connection with it that the de-
fendant in his brief had virtually conceded the fact that
the plaintiff was the person named in the contract as
vendee, and it is apparent from the opinion that the court
assumed that to be the fact. It ought to be apparent to
counsel that the statement was not made for the purpose
of criticizing the petition but to explain the court's posi-
tion in assuming the plaintiff to be the vendee who had
signed the contract, in the absence of any direct allegation
of her relation to it other than the general averment that
she had made that contract with the defendant; the court
having quoted the entire contract, showing a dissimilar-
ity between the name of the vendee mentioned therein and
the name of the plaintiff in this action.

In discussing that matter it is said in counsel's brief
that the contract was not set forth in the petition because
unnecessary, but was attached to it only as an exhibit, ap-
parently intending thereby that the contract was not a
part of the petition and should not have been referred to
by the court. We do not suppose that counsel intends to
put the court in a false position as to that matter, though
that seems to be the effect of the argument, for counsel's
statement as to the relation of the contract to the petition
is not entirely correct. The original petition in the case
alleged as to the contract merely that on or about a certain
date the plaintiff entered into a written escrow agreement
with the defendant, wherein she agreed to purchase from
him and he agreed to sell and convey to her the tract of
land described, and that for the purpose of effecting said
agreement, the defendant made and executed a warranty

deed for said property and deposited the same, with the agreement, in the hands of a third party, to be delivered to the plaintiff upon her completion of the payments therein provided for. It appears from the record that a demurrer to that cause of action in the petition was sustained on May 17, 1918, and plaintiff was given until June 1, 1918, within which to file an amended petition; that on May 20, 1918, an order was entered stating that on stipulation of both parties to the suit, the copy of the escrow agreement referred to in plaintiff's petition is to be attached to plaintiff's petition and made a part thereof. The amended petition was filed on the same day, May 20, 1918, and in the first cause of action, which is the cause of action involved in the case here, it is alleged that the plaintiff entered into a written escrow agreement with the defendant, "a copy of which is hereto attached and marked 'Exhibit A,' and made a part hereof;" and attached to the petition appears a copy of said contract and of the endorsements of the several payments made thereon, marked "Exhibit A." And we think it obvious that said order stated to have been made upon the stipulation of the parties had reference to the amended petition and was made for the purpose of permitting the court to consider the said copy as a part of the petition. Hence, whether or not the reference to the contract in the petition as attached thereto with the statement that it is made a part thereof would ordinarily constitute said agreement or a copy thereof a part of the petition, we think it became such in this case, or at least should be so considered, because of said order made upon the stipulation of the parties. More than that, the briefs of both parties upon the original hearing referred to the contract, apparently as a part of the amended petition, and certainly without any suggestion that it was not a part of it. Plaintiff's contentions in her original brief were based upon the provisions of the contract and the fact that it did not expressly stipulate for a forfeiture of payments made before default. In that brief

it was said: "The issue before this court may be briefly stated by three questions, namely: (1) In an escrow agreement for the sale of real estate, which agreement does not fix the rights nor liabilities of the parties in case of default of vendee to make payment of an installment on the day it is due, nor stipulate that payments made before default shall be forfeited to vendor, can such vendor on default of vendee to make payment of an installment on the day it is due, rescind the contract, take up the deed, and declare all payments made a forfeiture to him, or must he on rescinding the contract return all payments so received by him, less any just claim for rent or other proper demands?" And the second question suggested was whether "under the conditions set forth in question number one" is the vendee entitled to recover the full value of valuable improvements placed upon the premises? In the defendant's brief before us at the former hearing our attention was called to the order of May 20, 1918, making the agreement a part of the petition upon stipulation of the parties. We think it is now too late for plaintiff to contend that the contract is not a part of the petition, or to complain of the court's reference to it in the opinion disposing of the case.

Referring to the third contention of plaintiff on the original hearing, that defendant, by his wrongful acts, had prevented plaintiff from paying the installment in which she defaulted, the court said in the opinion that the averments of the amended petition as to the alleged wrongful acts of defendant do not charge that such acts prevented the payment, but that "at most, it merely alleges that the defendant, coupled with other unavoidable hindrances, prevented the plaintiff from meeting the installment when due." Counsel for plaintiff in error in his present brief, states that the opinion in that respect couples two separate allegations, the wrongful acts of the defendant, and other unavoidable hindrances, into one, and that "they are alleged conjunctively by the word 'and' and as so alleged they are independent." But whether that, if true, would

make any difference or not, the court properly coupled the allegations, as shown by the amended petition itself, which is correctly quoted in two places in an earlier part of the opinion, as averring that "through the wrongful acts of defendant in interfering with the tenants of plaintiff, and thereby causing them to withhold from plaintiff money due her from said tenants, *which with* other unavoidable hindrances, plaintiff was unable to meet the installment due."

It is also stated as a ground for rehearing that we erred in assuming that plaintiff was in possession of the premises during the life of the escrow agreement, and it is argued that plaintiff said nothing about that in her brief and that she is not chargeable with anything that defendant's brief may have said about it. But we said that both parties in presenting the case had assumed that plaintiff was in possession. And we think that properly stated the situation disclosed by the briefs. Not only did defendant's brief present the case upon the theory that plaintiff had been in possession until her default, but that was true also, we think, of plaintiff's brief, for, in stating the questions to be considered, that brief stated as the first question, which is quoted above, whether on rescinding the contract the vendor must return all payments made "less any just claim for rent or other proper demands," and, as the second question, whether the vendee is entitled to recover the fair or any value of the improvements "which vendor *now* takes to his own use." And there is no statement in the brief indicating that plaintiff was not or may not have been in possession. If plaintiff had not been in possession the vendor would have had the use of the improvements from the time they were made. But the court did not merely assume that plaintiff was in possession. It also construed the petition as showing the fact, basing such construction upon the averments that plaintiff had placed valuable improvements on the property, and that when defendant recalled the deed from escrow he "took possession of said

improvements.'' Certainly if plaintiff had not been in possession there would be nothing whatever in the petition to show any right or opportunity to place improvements on the property. And in view of such averments of the petition and the references in the briefs apparently assuming the fact of possession, it seemed not improper to say that the court would also assume it. We are satisfied that the petition cannot properly be construed or considered as showing that plaintiff did not have possession, and cannot think it probable that the case would have been presented as it was, or that the petition would have been prepared and left in the form it was, if the fact was that plaintiff had not been in possession of the property. While it may be true that plaintiff is not responsible for statements concerning such a matter in defendant's brief, it would, at least, have been proper for plaintiff's counsel to call the court's attention to his understanding that the fact of plaintiff's possession was not shown by the petition or the record, if that was his understanding.

There is absolutely nothing in the case, which for its facts depends upon the averments of the petition, that would permit the court to consider the assertion of counsel in his present brief that the forfeiture suffered through plaintiff's default is unconscionable and so harsh as to exact everything she had acquired by meager earnings through years of hardship and sacrifice, nor anything in the record upon which to base that assertion. Nor is there anything to show that any amount was forfeited in excess of what would have been a fair return to the defendant for the use of the property under the conditions of the contract. What was said in the former opinion as to the failure of the petition to allege that the amount paid was in excess of the value of the use of the property had reference to the sufficiency of the petition to show a right to equitable relief. The petition in that respect was not, in our opinion, merely indefinite, nor would the suggested allegation amount to the pleading of evidence. We held

it to be necessary as the averment of an ultimate fact essential to relief in equity against the forfeiture of the money paid under the contract. And so the averment that the plaintiff had placed valuable improvements upon the property was not merely indefinite, but the essential fact necessary to be shown in an action for equitable relief, that such improvements were permanent or enhanced the value of the property, was not alleged. But even if the word "improvements" standing alone might be given its broadest meaning as something which substantially enhances the value of the property, which we think doubtful in a case like this, the petition would still be insufficient because failing to allege the authority by which the improvements were made, whether with the vendor's consent or under circumstances that would entitle the plaintiff to recover for them. And such an averment would be possible without pleading evidence.

*Rehearing denied.*

BLUME, Justice, and TIDBALL, District Judge, concur.