George J. BARKER, Robert M. Barker, Gabriel B. Barker, Philip R. Barker, Joseph E. Barker, Eugene C. Barker and Barker Brothers Company, Appellants (Defendants below),

v.

Gary M. JOHNSON and Barbara L. Johnson, Appellees (Plaintiffs below).

Gary M. JOHNSON and Barbara L. Johnson, Appellants (Plaintiffs below),

v.

George J. BARKER, Robert M. Barker, Gabriel B. Barker, Philip R. Barker, Joseph E. Barker, Eugene C. Barker and Barker Brothers Company, Appellees (Defendants below).

Nos. 4942, 4943.

Supreme Court of Wyoming.

March 8, 1979.

Timothy S. Tarver of Burgess & Davis, Sheridan, for appellants in No. 4942 and appellees in No. 4943.

Bruce P. Badley, H. W. Rasmussen, and Micheal K. Shoumaker of Badley, Rasmussen & Shoumaker, Sheridan, for appellees in No. 4942 and appellants in No. 4943.

Before RAPER, C. J., McCLINTOCK, THOMAS and ROSE, JJ., and GUTHRIE, J., Retired *.

THOMAS, Justice.

The question which must be addressed in this case is whether the sellers [1] under a contract for the sale of land were entitled to declare a forfeiture and obtain a judgment foreclosing the rights of the buyers under the contract. The district court, upon motions of both the buyers and the seller for summary judgment, entered a summary judgment for the buyers ordering specific performance of the contract for sale of land in accordance with the buyers' claim for relief. The district court also awarded costs of the action and reasonable attorney fees to the seller. The judgment, in addition, provided for the performance of certain conditions by the buyers, including payment of the contract price, and it provided that if those conditions were not performed the summary judgment then would be in favor of the seller. We shall reverse the judgment for specific performance of the contract for the sale of land, but we will affirm the award of the costs and attorney fees to the seller.

There is no real dispute as to the material facts in this case. The sole contentions of the buyers and seller relate to the correct application of rules of law. For this reason the case is ripe for, and it is appropriate that it be disposed of by, summary judgment.

The business relationship of the buyers and seller had its inception in the desire of Barbara L. Johnson, then Barbara L. Ballew, to acquire and own a campground affording accommodations for campers and travel trailers and similar mobile living accommodations at Ranchester, Wyoming. The campground was known as the Lazy R. Campground and it was owned by the individual members of the Barker family in co-ownership.

On October 22, 1976, a lease purchase agreement was entered into between Barker Brothers Company and Barbara L. Ballew providing for the lease of the Lazy R Campground from the first of November, 1976, until the end of April, 1977, for $500 per month. This contract provided that during the period of the lease Barbara L. Ballew would have the option to purchase the Lazy R Campground for $50,000. That option was not exercised, however, and that agreement is not related to the issues in this case except as background.

During the period of that lease Barbara L. Ballew married Gary Johnson. On June 1, 1977, an Agreement for Warranty Deed was entered into between Barker Brothers Company as seller and Gary M. Johnson and Barbara L. Johnson as buyers. The subject of this contract again was the Lazy R Campground, and it provided for a total purchase price of $50,500 with $5,500 designated as a down payment, payment of which was acknowledged on the date of the contract. Additional payments were pro-

---

* At the time of oral argument, Guthrie, J., was Chief Justice. He retired from the court on December 31, 1978. By order of the court, entered on January 1, 1979, he has been retained in active judicial service pursuant to § 5, Art. 5, Wyoming Constitution, and § 5–1–106(f), W.S.1977, and has continued to participate in the decision and opinion of the court in this case.

1. The individual appellants held the title to the subject of this contract in co-ownership, but in connection with their transactions with the property they used the business name Barker Brothers Company, which they apparently considered to be a partnership. The appellants hereinafter will be referred to collectively in the singular as Barker Brothers Company or seller.

vided in the amount of $20,000 due and payable on August 1, 1977, and $25,000 to be paid on October 1, 1977. Interest on these amounts was to be at the rate of 12 percent per annum. The contract provided that possession would be delivered to the buyers on June 1, 1977, and the taxes for that year would be prorated between the buyers and the seller as of that date. The seller was obligated to furnish a warranty deed upon payment in full of the purchase price, and upon execution of the agreement by the buyers and the payment of the sums to be paid under the agreement the seller was to cause an abstract of title or policy of title insurance to be delivered to buyers or their designee for examination. The contractual language upon which the disposition of this case depends reads as follows:

"* * * provided, however, that in the event Buyers default in any of the payments to be made hereunder or performance of any of the other terms and conditions of this agreement on their part to be kept and performed and such default continues for a period of fifteen (15) days after receipt of notice of default from Seller, then Seller shall have the right to terminate this agreement, retain all monies paid hereunder as liquidated damages and Buyers agree to peaceably surrender possession of the premises unto Seller. * * *"

The payment of $20,000 which was due on August 1, 1977, was not made. About that time there was a conversation between Phil Barker and Barbara Johnson. It related to the fact that the payment would not be made, and Barbara Johnson requested additional time. Phil Barker told her she could have a couple of days to come up with the money. After that, on August 16, 1977, the attorney for Barker Brothers Company addressed a letter to Mrs. Johnson relating to the Agreement for Warranty Deed. The letter stated in pertinent part as follows:

"This letter will notify you that you are presently in default on the Agreement for Warranty Deed signed by you on the 1st day of June, 1977. That agreement requires that you pay $20,000 plus interest on August 1, 1977. As per the agreement, you now have 15 days within which to make the required payment. Otherwise, the Barker Brothers have the right to terminate the agreement and retain all monies paid by you thereunder."

This letter was received on August 17, 1977, and after that time additional efforts were made by the Johnsons to arrange financing for the purchase of the Lazy R Campground. The $20,000 payment plus interest, however, was not made prior to September 2, 1977. This is the most generous computation of the 15-day period allowed for the default to be cured under the contract. On September 7, 1977, counsel for the Johnsons wrote to the attorney for Barker Brothers Company. The letter advised that the Johnsons would tender full payment on their contract. It stated that they had not received either an abstract of title or title insurance and advised that arrangements could be made for closing on Monday September 13, 1977, if title insurance were provided on September 7, 1977. Barker Brothers Company refused to pursue the transaction further, and this action then was instituted by the Johnsons, seeking specific performance of the Agreement for Warranty Deed.

Barker Brothers Company counterclaimed for foreclosure of the rights of the Johnsons under the contract, and also sought a judgment awarding possession and quieting its title. Upon the cross-motions of the parties for summary judgment the district court entered its Judgment granting the relief of specific performance to the Johnsons upon the performance of certain conditions on their part; providing that upon failure of the Johnsons to perform those conditions judgment should be entered in favor of Barker Brothers Company; and awarding costs and attorney fees to Barker Brothers Company. Barker Brothers Company appeals from the judgment granting specific performance to the Johnsons, and the Johnsons cross-appeal from that portion of the judgment awarding attorney fees to Barker Brothers Company.

In its appeal Barker Brothers Company states the issues as follows:

"1. Did the Johnsons demonstrate that they had performed their obligations under the Agreement for Warranty Deed or that performance of their obligations had been excused?

"2. Did the District Court err in treating the Agreement for Warranty Deed as if it were a mortgage and giving the Johnsons a ten (10)-day redemption period?"

In meeting the arguments of Barker Brothers Company, the Johnsons recite their points as follows:

"1. Time was not 'the essence of the contract'.

"2. Sellers did not have 'clean hands' by reason of their failure to provide an abstract of title or title insurance.

"3. Forfeitures are not favored under Wyoming law."

■ The undisputed facts are that the Johnsons were in default with respect to their obligation to pay $20,000 on August 1, 1977, under the Agreement for Warranty Deed. While initially no notice of default was given by Barker Brothers Company, that requirement of the contract was satisfied by the letter from its attorney which was received by the Johnsons on August 17, 1977. The default was not cured within 15 days, and the right of Barker Brothers Company to forfeit the contract could be precluded only by the intervention of some applicable equitable principle. While it is true that the Agreement for Warranty Deed does not include the phrase "time is of the essence," that omission is not dispositive. The intention of the parties as expressed in the contract is clear. The notice sent on August 17, 1977, likewise is clear. Forfeiture of the contract was available to Barker Brothers Company 15 days after notice of the default. The contractual clause is unequivocal that if performance is not accomplished within the specified time the rights of the buyers will be forfeited. *Quinlan v. St. John*, 28 Wyo. 91, 201 P. 149 (1921), rehearing denied 203 P. 1088 (1922).

The disposition of this case is controlled by *Younglove v. Graham & Hill*, Wyo., 526 P.2d 689 (1974), upon which Barker Broth-

ers Company relies. In that opinion this court recognized the general proposition that forfeitures are not favored, as suggested by the Johnsons. The court concluded, however, that the general concept with respect to abhorrence of forfeitures does not justify a court of equity in disregarding and setting aside a valid contractual obligation of the parties in the absence of some particular equitable reason. In its opinion there this court pursued the appropriate analysis of such a situation by examining initially the situation with respect to the performance of the obligations of the buyer as set forth in the contract. Having found a failure of the buyer to perform its obligations, the court then considered the facts further to determine if an equitable basis had been established which would justify the court in disregarding the failure to perform.

■ The Johnsons contend that *Younglove v. Graham & Hill, supra,* must be distinguished because in that instance the buyer offered to cure the default in making one periodic payment. They urge that since their offer was to pay all sums due under the contract the *Younglove* case effectively is distinguished. While the two instances are different in the respect urged, we hold that they cannot be distinguished on that basis, and that the tender of the full purchase price after a default does not qualify as an equitable reason to ignore the default and order specific performance of the contract.

■ The Johnsons further argue that the failure of Barker Brothers Company to furnish an abstract of title or title insurance is an equitable reason which justifies the judgment in their favor. In so doing they urge that the provision of the Agreement for Warranty Deed setting forth the obligation to furnish an abstract must be read in the light of the earlier Lease Purchase Agreement requiring the lessor-seller to provide an abstract upon the exercise of the option to purchase by the lessee-buyer. We note in passing that the two provisions well may be consistent, because the option in the Lease Purchase Agreement was to be exer-

cised, in effect, by the payment of the balance of the purchase price, and the abstract under the terms of that instrument was to be furnished contemporaneously with the payment of the purchase price. The clear language of the Agreement for Warranty Deed, however, is that Barker Brothers Company was to cause the abstract of title or the policy of title insurance to be delivered to the buyers or their designees for examination "Upon execution of this agreement by the Buyers and the payment of the *sums* to be paid hereunder" (emphasis added). The only sums that could be referred to are the down payment and the two installment payments due on August 1, 1977, and October 1, 1977, respectively. In the light of the clear language of the contract, we find no justification in this circumstance for excusing the failure of the Johnsons to meet their obligations under the contract.

In *Angus Hunt Ranch, Inc. v. REB, Inc.*, Wyo., 577 P.2d 645 (1978), we did discuss the concept of an equitable mortgage. We reiterated there the proposition that a buyer is required to show the intention of the parties that the transaction be regarded as an equitable mortgage rather than an installment land contract as construed from their written agreement and the surrounding circumstances. We find nothing in this record to support a conclusion that these parties intended to create a security, nor was there any proof that the makers intended that the property be held, given or transferred as security. Consequently, the case comes within the proposition there quoted from Rudolph, The Wyoming Law of Real Mortgages, p. 147 (Wyoming Law Institute 1969):

"* * * And there is very little possibility that a court will construe such a contract as a mortgage, assuming that it does not depart too far from the usual terms and provisions." (Footnote omitted.)

Application of the discussion of such arrangements in *Baldwin v. McDonald*, 24 Wyo. 108, 156 P. 27, 37 (1916), results in this case being identified as one in which the transaction was not a mortgage but instead one in which the absolute title was vested in Barker Brothers Company subject only to the rights of the Johnsons under their contract. A material breach having occurred, of which notice was given, the contractual provision for forfeiture was satisfied, and the trial court should have entered judgment in favor of Barker Brothers Company, foreclosing any rights of the Johnsons under the contract, forfeiting the contract and restoring the possession of the premises to Barker Brothers Company.

The appeal by the Johnsons from an award of attorney fees is premised upon their contention that since they prevailed in the district court that court erroneously provided for attorney fees to Barker Brothers Company, in accordance with the specific language of the contract. That language reads:

"* * * In the event Seller must bring any action to foreclose any of Buyers' right, title or interest in and to the property or to collect any damages done to the property by the Buyers, then Buyers shall be responsible and pay for all costs of such action, together with reasonable attorney's fees."

Even though this action was instituted by the Johnsons for specific performance, the Answer and Counterclaim by Barker Brothers Company asserted claims for relief in the form of possession and the quieting of its title. There is an indication in the record that after the effective date of the forfeiture the Johnsons caused the contract to be recorded in the public records. That action added to the necessity for Barker Brothers Company to obtain a decree quieting its title. The action of the district court in awarding attorney fees was proper and consistent with the contractual requirement, particularly in the light of the result of this appeal. We would add only that the language of the contract is sufficiently broad to cover the costs and reasonable attorney fees in connection with this appeal.

The judgment of the trial court is reversed and this case is remanded with directions that judgment be entered in favor

of Barker Brothers Company in accordance with this opinion.