# WYOMING STOCKMEN'S LOAN CO. v. JOHNSTON ET AL.*

(No. 1242; Nov. 10, 1925; 240 Pac. 449.)

APPEAL AND ERROR—REOPENING OF TRIAL—INTERVENTION OF NEW TERM—FRAUDULENT CONVEYANCES—JUDGMENT CREDITOR'S SUIT—JUDGMENT AS EVIDENCE OF CLAIM—PLEADINGS—FAILURE TO FORMALLY AMEND PLEADING TO CONFORM TO PROOF, NOT GROUND FOR REVERSAL—EXHAUSTION OF LEGAL REMEDIES.

    1. Reopening trial is largely in trial judge's discretion, in absence of statute limiting his powers, and his action will not be disturbed unless party complaining shows himself prejudiced.

2. Reopening trial of judgment creditors' suit to set aside fraudulent conveyance by debtor *held* not prejudicial to defendants, where only additional evidence consisted of files and record in suit wherein judgment was recovered, and part of such evidence was received only to correct mistake in page of journal entry introduced at first hearing.

3. Intervention of new term before decision in case taken under advisement by court did not divest latter of jurisdiction, in view of Comp. St. 1920, § 5731, so as to preclude reopening of trial.

4. Judgment is conclusive against parties to action in which rendered, and prima facie evidence of existence and validity of debt sued for as against judgment debtor's grantee, though not conclusive unless latter was party to suit, but mere exhibition of judgment, in judgment creditor's suit to set aside conveyance, made before judgment, as fraudulent, does not prove existence of claim at time of conveyance.

5. In judgment creditor's suit to set aside conveyance made by judgment debtor before judgment as fraudulent, petition on which judgment was rendered, summons showing service on judgment debtor, and testimony as to loan of money to latter, rendition of judgment, and amount unpaid thereon, *held* sufficient to make prima facie case against grantee, though not precluding him from showing that there was no indebtedness at time of conveyance.

6. In judgment creditor's suit to set aside conveyance, made by judgment debtor before judgment, defendants' failure to file verified answer alleging and fully disclosing consideration for deed, and evidence of circumstances preceding, attending, and following its execution, together with grantor's unexplained violation of order to appear and answer under oath concerning her property and grantee's refusal to testify by deposition, *held* sufficient to make prima facie case of want of consideration and intention of defendants to hinder, delay, and defraud plaintiff.

7. In judgment creditor's suit to set aside conveyance made by judgment debtor before judgment as fraudulent, judgment debtor's admission in answer that property conveyed was all she possessed and return of two executions against her property nulla bona *held* sufficient to show

that she owned no other property from which judgment might be satisfied.

8. In action to set aside conveyance by judgment debtor as fraudulent, defendants cannot complain of plaintiff's failure to plead that grantor's joint judgment debtor was not possessed of sufficient property to satisfy judgment where no specification of error specifically raised point, and petition was not demurred to nor otherwise objected to in trial court.

9. Whether rule that failure to demur on ground that bill in equity is defective on its face because of adequate remedy at law or failure to show exhaustion of legal remedies obtains under Code or not, most liberal construction will be adopted to sustain pleading not objected to before trial, and objection will not be sustained on appeal except for entire omission of material fact or total failure to state cause of action.

10. In suit to set aside conveyance by judgment debtor as fraudulent, where plaintiff proved by evidence of return of two executions nulla bona as to grantor's joint judgment debtor, that latter possessed no property, petition not so alleging might have been amended to conform to proof even after judgment, and latter will not be disturbed because no formal amendment was made.

11. Judgment creditor need not exhaust legal remedy against both of two joint judgment debtors before suing to set aside conveyance by one of them as fraudulent.

*See Headnotes (1) 4 C. J. p. 818, 38 Cyc. pp. 1360, 1361; (2) 4 C. J. pp. 962, 963; (3) 38 Cyc. p. 1361; (4) 27 C. J. pp. 823, 824 (5) 27 C. J. p. 824 (6) 27 C. J. pp. 830, 835 (7) 15 C. J. p. 1400, 27 C. J. p. 797 (8) 3 C. J. pp. 779, 780, 1344, 1366 (9) 3 C. J. pp. 779, 780, 787, 4 C. J. p. 745 (10) 4 C. J. p. 750, 15 C. J. p. 1400, 27 C. J. p. 797, 31 Cyc. pp. 448, 454 (11) 27 C. J. p. 746.

APPEAL from District Court, Sheridan County, JAMES H. BURGESS, Judge.

Action by the Wyoming Stockmens Loan Company against Ada D. Johnston and Fred Durbin to set aside a conveyance of real estate by Ada D. Johnston to Fred Durbin on the ground of fraud, as against plaintiff, a judgment creditor of defendant, Johnston. From judgment setting aside the conveyance and subjecting the real estate to

sale in satisfaction of plaintiff's judgment, defendants appeal.

*R. G. Diefenderfer* and *Don. L. Wakeman* for appellants.

The trial court erred in reopening the trial over defendant's objection, several weeks after the cause had been tried and submitted and after a new term had intervened. No fraud was proven, 27 C. J. 820. The exhibition of a judgment did not prove the existence of indebtedness on date of conveyance, 27 C. J. 823; Boutwell vs. Spurlin Merc. Co., 203 Ala. 482; Durbin was not a party to plaintiff's judgment; Burns vs. Kunzman, 19 Atl. 667; the burden of proving lack of consideration was on planitiff; Verner vs. Verner, 64 Miss. 184; plaintiff had not exhausted its legal remedies against defendant; petition was defective in not alleging that defendant Johnston was without other property; Bank vs. Judkins, (Ark.) 51 S. W. 632; Geiser vs. Lee (Ind.) 66 N. E. 701; Dreyfus vs. Childs, 19 So. 929; Randolph vs. Daly, 16 N. J. Eq. 313.

*Lonabaugh and Lonabaugh* for respondents.

There was no claim that Durbin was a purchaser for value. When the legal effect is to hinder or delay creditors, the intent to do so will be presumed; Kelly vs. Pollock, 131 Am. St. 1101; Spencer vs. Caverhill (Iowa) 133 N. W. 450; the burden was upon grantee if as a near relative; Flint vs. Chaloupka, 13 L. R. A. (N. S.) 309; 1 Story Eq. Juris, Section 497; numerous circumstances in this transaction indicate fraud; Bump on Fraudulent Con. 34-54; Sterling vs. Wagner, 4 Wyoming 5, 27 C. J. 148, 489-490; the burden of proof was on defendant; Bank vs. Swan, 3 Wyo. 356; insolvency and fraudulent intent were shown; 27 C. J. 501-504; there was no abuse of discretion in reopening the trial; 38 Cyc. 1361; Hart vs. Bowen, 86 Fed. 877; 38 Cyc. 1360; 272 Fed. 439; leave to introduce testimony after a motion for a directed verdict is discretionary; Kelley vs. Lumber Co., 43 Pac. 1004; San Pedro Lbr. Co. vs. Schroeter, 103 Pac. 888; appellant's brief admits the existence of indebted-

ness of plaintiff; 3 C. J. 1610; Clancy vs. Board, 79 Pac. 709; there was other proof of the indebtedness. Several executions were issued and returned nulla bona constituting prima facie evidence of no other property; 15 C. J. 1400; Jones on Evidence, 1411; no exceptions were taken or reserved to other alleged erroneous rulings; the petition was amendable, 5707 C. S.; Kuhn vs. McKay, 7 Wyo. 42; questions that might have been raised by demurrer in the trial court cannot be urged for the first time on appeal; Platte County State Bank vs. Frantz ,Wyo. (Sept. 22, 1925.)

TIDBALL, District Judge.

This is an action in the nature of a creditor's bill to set aside a conveyance from defendant Ada D. Johnston to defendant Fred Durbin of real estate situated in Sheridan, Wyoming, as being a conveyance made in fraud of the plaintiff, who is a judgment creditor of defendant, Johnston. From a judgment setting aside the conveyance and subjecting the real estate to sale for the satisfaction of plaintiff's judgment, defendants have appealed.

In September, 1921, George W. Perry was the owner and holder of three promissory notes executed by defendant Ada D. Johnston and by her husband, L. F. Johnston, said notes aggregating a sum of $55,000 and being secured by a chattel mortgage on certain cattle and hay. On that date Perry sold, endorsed and delivered these notes and assigned said mortgage to plaintiff. In November, 1921, $10,000 was paid on said notes, leaving due thereon the sum of $45,000 and interest. In April, 1922, plaintiff began suit against the Johnstons and others upon said notes and to foreclose said mortgage, and on July 10th, 1922, obtained judgment against the Johnstons for $48,900 and costs and for the foreclosure of the chattel mortgage. After the sale of the mortgaged property and the application of the proceeds thereof to the payment of the judgment, there still remained due upon said judgment over $23,000.

At the time of the execution of the notes in question and continuously thereafter until May 19th, 1922 (after suit had been begun on said notes, but before judgment had been rendered thereon) Ada D. Johnston was the owner of lot 3, block 2, in Sheridan, Wyoming, said lot being worth about $10,000. On July 11th, 1922, an execution was duly issued out of the District Court upon plaintiff's judgment of July 10th, and a return was made thereon by the sheriff that no property of either defendant could be found. On October 9th, 1922, a second execution was issued and was returned with the statement that no property of defendant Ada D. Johnston could be found. Again, on April 30th, 1923, a third execution was issued and returned with the statement that no property of defendant L. F. Johnston could be found.

On May 19th, 1922, defendant Ada D. Johnston, by deed of warranty, conveyed lot 3, block 2, the property above mentioned, to Fred Durbin, co-defendant herein, who is a half-brother of Ada D. Johnston. The deed recited a consideration of $8,000, was executed at Sheridan on May 19th, 1922, the grantee being at the time in Malvern, Iowa, and was filed for record on the day of its execution. It was executed in the office of defendant Johnston's attorneys in this case, was taken to the court house for recording by a stenographer in said office, Mrs. Johnston paying the recording fee, and, after being recorded, was returned to Mrs. Johnston, the grantor, and she continued to occupy the premises until late in 1922, when she removed from the State of Wyoming.

In October, 1922, after an execution had been issued and returned, as above stated, proceedings were had in the District Court whereby, on October 13th, 1922, an order was issued out of that court directing defendant Ada D. Johnston to appear in said court on October 17th, 1922, then and there to answer under oath concerning all property owned by her in her name or held by others for her use and benefit. This order was served on defendant on October

14th. However, she failed to appear as ordered and thereupon a citation was issued commanding her to appear and show cause why she should not be punished for contempt in failing to obey the order of October 13th. This citation was never served on defendant, she having left the State of Wyoming before October 17th, the date she was directed to appear under the order of October 13th, and she never came back, and did not appear at the trial of the present case.

On October 13th, 1922, after two executions had been issued on the judgment of July 10th, 1922, and returned wholly unsatisfied, plaintiff began the present action against Ada D. Johnston and Fred Durbin to set aside the deed of May 19th, 1922, conveying Lot 3, Block 2, from Ada D. Johnston to Fred Durbin. The petition alleges the rendition of the judgment of July 10th, 1922, in the sum of $48,900 and costs against defendant Ada D. Johnston and L. F. Johnston; that after the sale of the property described in the mortgage securing the notes sued on, there remained due and unpaid upon said judgment about $25,000; that execution was issued and returned nulla bona as to property of defendant Ada D. Johnston; that the claim and cause of action upon which the judgment was obtained accrued, and the defendant Johnston became liable to plaintiff thereon, on September 29th, 1921; that at the time said cause of action accrued, and at the time action was commenced thereon, defendant Johnston was the owner of lot 3, block 2, and that said property was of the value of $10,000; that after said action was commenced, but before judgment was rendered thereon, defendant Johnston conveyed said property to Fred Durbin for a recited consideration of $8,000; that said conveyance was made without any consideration and with the intent on the part of both defendants to hinder, delay and defraud plaintiff in its claim against defendant Johnston; that defendant Ada D. Johnston is possessed of no other property so far as is known to plaintiff; and prays that said conveyance be set aside as fraudulent and void, and that the lot

be sold as upon execution and the proceeds of the sale be applied upon the payment of plaintiff's judgment.

The defendant Ada D. Johnston answered plaintiff's petition, admitting the judgment of July 10th, 1922, the balance due thereon, the issuance of the summons and its return nulla bona, and that she was possessed of no other property than the lot conveyed; and alleged the sale was for a consideration of $8,000, but does not state whether the consideration was paid; and denies all other allegations of the petition. This answer is signed by and verified on information and belief by her attorney.

The defendant Fred Durbin answered, admitting the conveyance of the property to himself, and states that the deed "recited a consideration therefor in the sum of Eight Thousand and no/100 ($8,000.00) Dollars," and denies all other allegations of the petition. This answer is signed by defendant's attorney and is unverified.

The case was tried on May 12th, 1923, and was taken under advisement by the Court. As before stated, defendant Ada D. Johnston did not appear at the trial as a witness in her own behalf, neither was her deposition taken. Defendant Durbin was not present at the trial, but his deposition was taken by plaintiff. Defendants offered no testimony except that of L. F. Johnston, who testified as to the value of the premises in question and that Ada D. Johnston was a non-resident of Wyoming at the time of the trial and was in bad physical condition. The evidence and testimony of plaintiff establishes the facts about as above enumerated, and, in addition thereto, plaintiff introduced the deposition of defendant Durbin. In his deposition, after stating his name, residence, and occupation, that he was a defendant in the suit and was the same Durbin named as grantee in the deed from Johnston to Durbin, he was asked the actual consideration for the deed; as to whether he had any correspondence with Ada D. Johnston or her husband relative to buying the lot in question; how and to whom the $8,000 recited in the deed as consideration therefor was paid; wheth-

er he then had in his possession any evidence of payment, such as cancelled checks, drafts, etc.; to state the amount of any consideration paid by him to anyone for the deed and where, when and to whom paid. To each of these questions the defendant objected and refused to make answer for the following reason:

"The defendant objects, declines and refuses to answer the above interrogatory and question upon the ground and for the reason that this witness as shown by his answer to one of the above and foregoing questions that this witness is made one of the defendants in this action, and for the reason a copy of the plaintiff's petition now on file in this case in the District Court of Sheridan County, in the State of Wyoming, and said petition among other things alleged therein this witness is charged and accused to having attempted, or participated in the commission of a fraud upon the plaintiff, and for the further reason and upon the further ground as shown by my answer to one of the above questions that I have been a resident of the State of Iowa all of the time referred to in plaintiff's petition and have not been at Sheridan for the period of something like twelve years, as shown by my answer, and it is shown by my answer above that Ada D. Johnston, the grantor in the deed above referred to is and was a resident of the State of Wyoming, and that all matters concerning the transfer of the property described in the deed above mentioned would necessarily have to be done through the U. S. mails, and was so done. I decline and refuse to answer any question or questions concerning such transfer on the ground that such answers might tend to incriminate me as I am a party defendant to said cause. I claim my privilege to decline and refuse to answer any question, that would be in violation of my constitutional rights either under the constitution of the State of Iowa or the constitution of the State of Wyoming and the constitution of the United States as therein provided. I make

this as my personal claim as well as my personal privilege under the law as above stated.''

After the evidence was completed, the Court took the case under advisement. On June 22nd, 1923, a new term of court having begun, the Plaintiff moved to re-open the case and be allowed to offer further evidence. This motion was granted over the defendants' objection, and the case was reopened on June 22nd, 1923, at which time plaintiff offered and the Court allowed the following evidence to be introduced: the petition in the suit on the notes and for foreclosure of the chattel mortgage on which the judgment of July 10th, 1922, against L. F. Johnston and Ada D. Johnston was based; the summons issued and the judgment rendered in that action; the executions of July 11th, 1922, and October 9th, 1922, respectively, together with the returns thereof. Plaintiff also withdrew, without objection, a page of the appearance docket before introduced on May 12th, 1922. The record shows that the petition introduced at the reopening of the case was already in evidence, having been received on May 12th. The journal page supposed to contain the judgment of July 10th, 1922, was introduced on the first hearing, but by mistake page 343 instead of 342, which latter contained the judgment, was received. At the hearing on May 12th the execution of April 30th, 1923, was introduced but the earlier executions were omitted.

It therefore appears that at the reopening all that was done was to reintroduce the petition in the original case, it being already in evidence, to introduce the summons in the original case, to correct an obvious error in the first trial by showing that the decree in the original case was on page 342 rather than 343 of Journal 9, to introduce two further executions issued in the original case showing no property found, and withdrawing an erroneous offer of the appearance docket page without objection. The defendants offered no further evidence at this time.

After the completion of the evidence on the reopening of the trial, the court again took the case under advisement, and on October 9th, 1923, rendered a decree finding the deed of May 19th, 1922, "was without consideration and fraudulent and void, as to the plaintiff herein," and decreeing that it be set aside and that lot 3, block 2, be sold as the property of defendant Ada D. Johnston as upon execution and that the proceeds of the sale be applied upon the plaintiff's judgment.

From this judgment defendants appealed, and while there are thirteen alleged errors contained in the specifications of error, defendants and appellants in their brief discuss but two of these, namely, the 5th and 13th. The 5th specification is, "That the court erred in making its order reopening the cause, and denying the objection of defendants thereto." The 13th reads as follows: "That the court erred in making and entering its decree in favor of the plaintiff and against the defendants." Under the latter specification appellants make four points of failure of proof on the part of plaintiff, as follows:

1.   Of the existence of an indebtedness in favor of the plaintiff on the part of Ada D. Johnston at the time of her execution of the deed in question.

2.   Of the lack of consideration for the deed.

3.   Of the exhaustion of legal remedies against Ada D. Johnston; and

4.   Of the exhaustion of legal remedies against Ada D. Johnston's joint judgment debtor, L. F. Johnston.

The alleged error in reopening the case is not well taken. The authorities are practically unanimous in holding that, in the absence of a statute limiting its powers (and we have no such statute), the matter of allowing a trial to be reopened lies largely in the discretion of the trial judge and his action thereon will not be disturbed unless the party complaining of such action shows himself prejudiced thereby.   (38 Cyc. 1361, et seq.). No such showing is here made.   Indeed, the record, showing as it does that

the only additional evidence received at the reopening of the case consisted of the files and record in the former suit in which the plaintiff in this action was plaintiff and the defendant Ada D. Johnston was defendant, would seem to preclude any claim of prejudice. There could have been no surprise, as both sides were familiar with the additional evidence before the trial and a part of the additional evidence was received for the purpose only of correcting a mistake in the page of a journal entry introduced at the first hearing. There was no abuse of discretion in reopening the case. A point is made of the fact that a new term of court had begun when the case was reopened. But there is nothing in our statutes prohibiting the trial of a case from extending into the next term of court. The trial of the case was begun in the December, 1922, term of court, and was taken under advisement by the court. It remained lodged in the breast of the court until the June, 1923, term had begun, no decision having been rendered thereon at the December, 1922, term. The court retained full control over the case until it was finally decided and the intervention of a new term did not divest the court of jurisdiction. Gross v. Watts (Mo.) 104 S. W. 30; 121 A. S. R. 662. W. C. S. 1920, Section 5731.

It is next objected that in order to set aside a conveyance as in fraud of creditors, plaintiff must show the existence of an indebtedness due from defendant to plaintiff at the time of the conveyance, and that such indebtedness is not shown by the mere exhibition in evidence of a judgment rendered at a later date. This may be conceded to be a correct statement of the law. 27 C. J. 823, 824. Such a judgment is conclusive against parties to the action in which the judgment was rendered, including the grantor, and seems to be prima facie evidence of the existence and validity of the debt as against the grantee, though not conclusive, unless the grantee was a party to the suit. 27 C. J. 824. However, the mere exhibition of

the judgment does not prove that a claim existed at the time of the conveyance where that was made prior to the judgment. But in the present case, plaintiff went further. The petition on which the judgment was rendered was introduced in evidence and the petition showed that the indebtedness arose in 1921, long before the conveyance. The summons was also introduced showing service on defendant Ada D. Johnston, and in addition to that, Oscar Challman, one of plaintiff's witnesses, testified that the money was loaned to defendant Ada D. Johnston in 1921, that judgment was rendered thereon, and that approximately $20,000 still remained unpaid on the judgment. We think this sufficient to make a prima facie case as against defendant Durbin, though it would not preclude him from showing that there was in fact no indebtedness at the time of the conveyance had he chosen to do so. However, he did not raise the question either by his pleading or his evidence. In 3 C. J. 1448, it is said: ''Statements of facts made in briefs and such other facts as are legitimate inferences therefrom, are to be taken as binding admissions.'' Without deciding whether we would so consider such statements under all circumstances, we think we should call attention to the fact that defendants in their ''statement of the facts'' contained in their brief filed in this court state that the judgment was rendered on notes made and delivered by Ada D. Johnston and L. F. Johnston on or about September 29th, 1921, that suit was pending on said notes at the time of the conveyance by Ada D. Johnston to Durbin, and that the judgment rendered in that suit was not satisfied, though executions were issued thereon. This statement would at least tend to weaken the position taken by defendants later in their brief.

Defendants claim that plaintiff failed to show a lack of consideration for the deed in question, or that the transaction was fraudulent. In Stirling v. Wagner, 4 Wyo. 5, at page 40, 31 Pac. 1032, 1043 the court says: ''Such in-

adequacy of consideration alone is very convincing, if not conclusive, evidence of fraud where the interests of other creditors are affected.'' Also, in First National Bank v. Swan, 3 Wyo. 356, at page 373, 23 Pac. 743, the court says: ''The rule is different as to voluntary conveyances. These create a presumption of intent to defraud existing creditors, but this presumption is disputable, not conclusive. When a voluntary conveyance is attacked as fraudulent by existing creditors, the burden is on the opposite party to show by proof the condition of grantor's affairs at the time, the amount of his indebtedness, and such other facts and circumstances as will tend to rebut the presumption. If this is not done, the presumption of law must govern, and the conveyance will be held fraudulent.'' In the recent case of Platte County State Bank v. Thomas U. Frantz, et al., 239 Pac. 531, decided by this court on September 22nd, 1925, the court says: ''We concede that fraud must be clearly shown, but we think the foregoing combination of facts together with other suspicious circumstances warranted the trial court in finding that the bank had made out a prima facie case to the effect that the conveyances in question were voluntary and were made with intent, at least on the part of the grantor, to defraud the bank; and requiring Mrs. Wonsor, in order to overcome this prima facie case, to show the bona fide existence of the indebtedness claimed.''

We think the facts in this case as disclosed by the pleadings and evidence are amply sufficient to make out a prima facie case of want of consideration for the deed in question, and an intention on the part of both grantor and grantee to hinder, delay and defraud the plaintiff in the satisfaction of its judgment out of the assets of defendant Ada D. Johnston. The facts have already been fully stated in this opinion and we will not now repeat them, but merely enumerate the different circumstances that we hold sufficient to make out a case on plaintiff's part. These are: first, the answer filed by defendants.

They do not allege any consideration passed for the deed but content themselves with denying plaintiff's allegation that there was no consideration. Defendant Durbin's answer is unverified. If an adequate consideration was paid for the deed, defendants should have fully disclosed what that consideration was and verified the answer. The conveyance was made by Ada D. Johnston to a near relative, her half-brother. The defendant Johnston was apparently in an involved financial condition at the time of the transfer, as shown by the return of execution nulla bona and by her answer admitting the eighth paragraph of plaintiff's petition, which paragraph of the petition alleged "that the defendant Ada D. Johnston is possessed of no other property than the above described premises (being the premises conveyed) so far as is known to plaintiff." The suit by plaintiff against Ada D. Johnston to recover judgment against her on the $45,000 notes was pending at the time of the transfer. Mrs. Johnston remained in possession of the property after the deed was recorded. The grantee was not present, and had not been in Sheridan for ten or twelve years, when the deed was given. The deed was redelivered to the grantor after recording. Durbin resides in Malvern, Iowa, and showed no reason why he should want residence property in Sheridan. Mrs. Johnston was cited to appear in court and answer under oath concerning her property and violated this order, leaving the state apparently to escape testifying under oath. Mrs. Johnston did not appear at the trial to testify and gave no deposition. Durbin refused to testify, when plaintiff was attempting to take his deposition, on the ground that his answer might incriminate him or subject him to criminal prosecution for misuse of the mails. There were perhaps other circumstances shown by plaintiff, but we think these sufficient to make a prima facie case. The defendants did not testify at all and offered no evidence by way of explanation of the above circumstances. "It is no hardship upon an honest man to require a reasonable ex-

planation of every suspicious circumstance, and rogues are not entitled to a veto upon the means employed for their detection." Kaine v. Weigley, 22 Pac. 179, 184.

Defendants complain that it is not shown that legal remedies were exhausted against Ada D. Johnston, defendants arguing that it was not shown that she did not own other property from which the judgment might be satisfied. As above stated, she admitted in her answer that the property conveyed to Durbin was all she possessed. Aside from this, two executions were issued and returned nulla bona as to her property. This was sufficient. 15 C. J. 1400, and cases cited. 27 C. J. 797.

Defendants claim it should have been pleaded and proved that L. F. Johnston, joint judgment debtor with Ada D. Johnston, was not possessed of sufficient property to satisfy the judgment. We think defendants are not in a position to complain of this defect in the pleading, if it is a defect. In the first place, it is doubtful if specification No. 13, "that the court erred in making and entering its decree in favor of plaintiff and against the defendants," is sufficient to raise the point as to the sufficiency of the pleading; and there is none other that comes near to the point. Furthermore, the petition was not demurred to, nor in any other manner objected to, in the trial court. Where a bill in equity is defective on its face because there is an adequate remedy at law or because the bill fails to show the exhaustion of legal remedies, a failure to demur waives the defect. 21 C. J. 168, 430; 10 R. C. L. 368; 27 C. J. 779. Whether this rule obtains under the code or not, it is the law of this state that where no objection to a pleading on the ground of its insufficiency has been made before trial, the most liberal construction will be adopted to sustain it if possible, and the objection will not then be sustained unless there is an entire omission of a material fact, or a total failure to state a cause of action. City of Rawlins v. Jungquist, 16 Wyo. 403, 94 Pac. 464, 96 Pac. 144. The evidence

on the part of the plaintiff showed that two executions were issued out of the District Court and returned nulla bona as to L. F. Johnston. This was sufficient proof that he possessed no property. 15 C. J. 1400 and 27 C. J. 797. The plaintiff having proved this fact, the petition might have been amended to conform to the proof even after judgment. Lellman v. Mills, 15 Wyo. 149, 87 Pac. 985. And where an amendment might have been allowed, the judgment will not be disturbed because no formal amendment was made. Kuhn v. McKay, 7 Wyo. 42, 49 Pac. 473, 51 Pac. 205. We do not hold that it is necessary that plaintiff should exhaust his legal remedy against both judgment debtors before bringing suit to set aside a conveyance as fraudulent. The cases on this question are collected and discussed in a note found in 22 A. L. R. 200, annotating the case of Dalton v. Barron, (Mo.) 239 S. W. 97, which case after a thorough review of the cases on this point holds that it is not necessary in order to sue to set aside a conveyance as fraudulent that the plaintiff should exhaust the property of a codebtor. But even if the rule contended for by defendants be the law in this state, we believe that for the reasons above stated plaintiff is not in a position to ask for a reversal of this case because of a defective pleading or failure of proof as to the exhaustion of legal remedies against defendant Johnston's codebtor.

This disposes of all contentions of defendants as contained in their briefs, and, there appearing no error in the record, the judgment of the trial court should be and is affirmed.

*Affirmed.*

POTTER, Ch. J., and KIMBALL, J., concur.
BLUME, J., did not sit.