## SPAUGH vs. PETERSON*
(No. 1241; March 16, 1926; 244 Pac. 224)

PLEADING—WAIVER—REPLEVIN.

1. While demurrer is waived by answer, if petition does not state facts sufficient to constitute cause of action, that defect is not waived.
2. When petition is not challenged until after judgment, it must be construed liberally, and supported by every legal intendment, and upheld, if necessary facts are fairly to be inferred from its allegations.
3. Petition in action to replevy an automobile sold under conditional sales contract, showing that plaintiff was real

party in interest, *held* not contradicted when construed on attack after judgment by copy in petition of assignment of such contract, not showing that assignment was ever delivered or ever became effective as such.

*NOTE—See Headnotes (1, 2) 31 Cyc. p. 82 n. 13; p. 721 n. 81; p. 729 n. 54.   (3) 34 Cyc. p. 1470 n. 70.

ERROR to District Court, Niobrara County; CYRUS O. BROWN, Judge.

Action by Anna T. Peterson, administratrix of the estate of H. J. Peterson, deceased, against A. A. Spaugh. Judgment for plaintiff, and defendant brings error.

*Edwin L. Brown,* for plaintiff in error.

This action was to recover possession of an automobile, on a conditional sales contract, and forfeit the payments made thereon, there being $1,125.00 remaining due. The petition shows on its face that defendant in error has no interest in the contract controlling the right of possession of the property. Action was not brought in the name of the real party in interest. 5580 C. S.; 4 Cyc. 98. The judgment is not res judicata against General Motors Acceptance Corporation. Assignor cannot sue upon a chose in action, after assignment. Conn v. Long Bell Co., 66 Mo. App. 483; Black on Judgments, 2, Sec. 610. The amended petition shows that defendant has no rights thereunder and there being no amendment to correct the defect, the judgment was invalid and should be reversed.

*Bacheller and Bacheller,* for defendant in error.

A demurrer one tenus is a general demurrer, U. S. F. & Co. v. Fidelity Trust Co., (Okla.) 153 Pac. 195, and admits all facts well pleaded. Edwards v. Cheyenne, 19 Wyo. 110; St. v. Irvine, 14 Wyo. 318; St. v. Grant, 12 Wyo. 1. Ownership of the automobile is admitted by the demurrer. The gist of an action in replevin is wrongful detention. 6275 C. S. Boswell v. Bank, 16 Wyo. 209. Setting out of contract and petition was a mere allegation of evidence.

Mudd v. Thompson, 34 Cal. 39; 5675 C. S.; Bates Pl. & Pr.,
Vol. 3, p. 580.  Facts stated in a paper incorporated in a
pleading are not allegations but merely evidence.  21 R. C.
L. 476; 31 Cyc. 560; Brown v. Jones, (Ind.) 25 N. E. 452;
Gulf C. & S. R. R. Co. v. Co., 270 Fed. 994; Mattero v. Co.,
(Mo.) 215 S. W. 750; McMannus v. Butler, (Mo.) 213 S.
W. 447; Hartford Ins. Co. v. Kahn, 4 Wyo. 364.  Where
insufficiency of pleading is first questioned at the trial or
on appeal, it must be supported by every legal intendment.
Van Buskirk v. Co., 24 Wyo. 183; Grover Co. v. Ditch Co.,
21 Wyo. 204; Fast v. Whitney, 28 Wyo. 443; Reynolds v.
Morton, 23 Wyo. 528.

KIMBALL, Justice.

This is a replevin action in which the judgment was for
the plaintiff.  The case was here before on appeal, and the
appeal was dismissed.  31 Wyo. 26; 222 Pac. 580.  It is
here now on error, but without a bill of exceptions.  The
only assigned error is that the petition is insufficient to
support the judgment.

The objection to the petition is that it shows that plain-
tiff is not the real party in interest.  We must treat the
case as one where the petition is not challenged until after
judgment.  The answer raises no question as to the real
party in interest.  The record contains a demurrer to the
petition, but does not show any order overruling it, and
we may assume that it was waived by answer, although, of
course, if the petition does not state facts sufficient to con-
stitute a cause of action, that defect is not waived.  Grov-
er Irr. Co. v. Lovella Ditch Co., 21 Wyo. 204, 231; 131 Pac.
43, Am. Cas. 1915 D. 1207 L. R. A. 1916 c. 1275.  When,
however, the petition is not challenged until after judg-
ment it must be construed liberally and supported by ev-
ery legal intendment, and upheld if the necessary facts are
fairly to be inferred from its allegations.  Grover Irr. Co.
v. Lovella Ditch Co., supra; Fast v. Whitney, 26 Wyo. 433,
440, 187 Pac. 192, and cases cited.

The property replevied is an automobile bought by defendant of plaintiff's intestate.  A conditional sale contract provided that title should remain in the seller until the price was fully paid, and that he might take possession if the purchaser failed to comply with the terms of payment.  The plaintiff alleged that under the contract the property belonged to her as the seller's administratrix and that, because of defendant's failure to meet the payments, she was entitled to immediate possession.  The sufficiency of these allegations, if uncontradicted by other allegations, is not questioned.  A copy of the conditional sale contract is set forth in full in the petition.  Following the copy of the contract is a copy of a writing, headed "Dealer's Recommendation and Assignment," which recites, among other things, that "the undersigned, for value received, does hereby sell, assign and transfer to General Motors Acceptance Corporation" his interest in "the within contract and the property covered thereby."  Below the copy of this writing appears the name of plaintiff's intestate.  The defendant contends that this shows that General Motors Acceptance Corporation, and not the plaintiff, is the real party in interest.  The contention cannot be sustained.

In view of the above-stated principles to govern in construing the petition, we think it is to be inferred from the petition as a whole that the plaintiff is the real party in interest.  The facts to show that she was the party entitled to possession of the property were sufficiently alleged, and we do not think they were contradicted by a writing, a copy of which happened, perhaps by inadvertance, to be in the petition, without any allegations to show that it was ever delivered or ever became effective as an assignment. See, Chapman v. Bank, 26 Wyo. 138, 148, 182 Pac. 91.  We assume, of course, that the evidence, which is not before us, established plaintiff's present interest and right to

possession, as found by the court as the basis of the judgment.

The judgment of the district court will be affirmed.

*Affirmed.*

POTTER, Ch. J., and BLUME, J., concur.