WASHBURN-BETTIS CO. v. SOUTHERN
SURETY CO.
(No. 1477; July 17, 1928; 269 Pac. 27)

*Preston T. McAvoy,* and *J. A. Greenwood,* for appellant.

*E. C. Raymond,* for respondent.

BLUME, Chief Justice.

This is an action by the Washburn-Bettis Company against the Southern Surety Company. Judgment was entered for plaintiff for the amount claimed, and from this judgment the defendant has appealed. The parties will be named herein as in the court below.

Plaintiff in its amended petition, in substance alleged that prior to August 30, 1924, defendant had in its employ a firm known as Groner & McDonley, engaged in road building in Weston County for defendant; that such firm purchased various articles of merchandise from plaintiff giving various orders on defendant to pay for them; that an order was given by it on defendant on August 30, 1924, for $251.14, which was accepted by defendant and by it charged to and collected from and settled with such firm.

The testimony of the president of plaintiff was in substance as follows: One Raymond George was a contractor building a highway for the state. Defendant took this work over. Plaintiff had lost a good deal of money on previous contractors and was unwilling to furnish any more goods without assurance of payment. Witness, on behalf of plaintiff, met with Mr. Greenwood and Mr. Waeger, representatives of the defendant, and it was agreed that the defendant would pay for all goods obtained by any of the subcontractors on orders signed by either Mr. Greenwood or Mr. Waeger. Acting under this agreement, plaintiff sold to Groner & McDonley, subcontractors under defendant, goods upon such orders, and none of the goods were sold except upon an order so signed. Part of the amount due was paid by the defendant. The amount sued for is the balance due

upon the orders so given. The last order, that signed by Groner & McDonley, represents this balance, took the place of all previous orders, and Mr. Greenwood acknowledged it to be correct and that it should be paid.

It is assigned as error that the judgment is not supported by the evidence and is contrary to law. Plaintiff, as already stated, alleged in its petition that the order given by Groner & McDonley was accepted. It further alleged that defendant charged the amount of the order to Groner & McDonley and made a settlement with it. Counsel for the defendant argue in their brief that inasmuch as there was no sufficient proof of the latter allegation, namely that defendant charged the amount of the order to Groner and McDonley and settled with it upon that basis, that plaintiff is not entitled to recover. We fail to see the force of the argument. Plaintiff having alleged that defendant accepted the order, the further allegation as to the subsequent dealings between defendant and Groner & McDonley were wholly unnecessary. We can conceive of no valid reason why plaintiff should be held responsible for the fact that defendant did not recoup its losses which it may have sustained by reason of the acceptance of the above mentioned order or the payment thereof. That being so, the failure to prove such allegation did not constitute a variance. 31 Cyc. 701-702. The important question in this case is, as to whether or not the defendant accepted the order, that is to say, agreed to pay for it. The question of the statute of frauds has no been raised and is not involved in this case, hence whether the acceptance was verbal or in writing is immaterial. Nor is the time of acceptance material under the allegations of the amended petition herein. The testimony as to such acceptance is not as satisfactory as might be wished. Mr. Washburn testified that Mr. Greenwood stated that the order was correct and should be paid. Again he stated that "they (meaning the defendant) had accepted it." Perhaps he did not mean to add anything to what he

had already stated, namely that Mr. Greenwood said that the order was correct and should be paid. It may, however, be doubtful that such statements were the equivalent of an agreement to pay. However that may be, we do not think that we are called upon to reverse the case for that reason. The testimony showed, as already stated, that the order sued on represented the balance of a number of orders previously signed by defendant's agents. These orders, while not exactly constituting an agreement to pay the specific order set forth in the amended petition, constituted agreements to pay the identical sums of money and the identical debt sued on herein. The court evidently gave credence to this testimony and we cannot say that it should not have done so. And it is certain that if this testimony was true a just result was reached herein. The gist of plaintiff's claim in fact was that defendant agreed to pay for certain goods sold to Groner & McDonley. The amended petition only hints at it and does not plainly state that to be true. But the facts were all known to the defendant, through the original petition filed in the case and otherwise, and the amended petition, in fact, seems to have been filed largely at the instigation of counsel for defendant, who, it seems, merely objected to the form in which the original petition was drawn. The testimony last mentioned was admitted without objection. No surprise is claimed. If an amendment to the amended petition was necessary, and plaintiff had offered such amendment, setting forth the facts disclosed by the testimony above referred to, the allowance thereof would not, we think, under the peculiar facts of this case, have been improper, so as to make the pleadings conform to the proof. See Wynnewood Cotton Oil Co. v. Moore, 54 Okla. 163, 153 Pac. 633; Sonnenfeld v. Rosenthal, 247 Mo. 238, 152 S. W. 321; Garmong v. Henderson, 112 Maine 383; 92 Atl. 322. That being so, we regard the petition as though it had in fact been amended. Kuhn v. Mc-Kay, 7 Wyo. 42, 49 Pac. 473, 51 Pac. 205; Quinlan v. Jones,

27 Wyo. 410, 198 Pac. 352; Chicago & N. W. Ry. Co. v. Ott, 33 Wyo. 201, 212, 237 Pac. 238, 238 Pac. 287.

We think the judgment should be affirmed, and it is so ordered.

*Affirmed.*

KIMBALL, J., and RINER, J., concur.