[Civ. No. 6821. First Appellate District, Division Two.—June 29, 1929.]

S. CAROLINE SHERWOOD, Respondent, v. GREATER BERKELEY LAND COMPANY (a Corporation), Appellant.

L. D. Manning for Appellant.

Will S. Robenson and Cyrus B. King for Respondent.

NOURSE, J.—Plaintiff sued for the specific performance of a written contract for the sale of real property. The cause was tried before the court, sitting without a jury, and resulted in a judgment for plaintiff from which the defendant has appealed upon a bill of exceptions.

The complaint alleged the execution of the contract wherein the defendant agreed to sell certain lots of land to the plaintiff for the sum of $2,200. The contract was set out *in haec verba* as an exhibit to the complaint. It was further pleaded that the purchase price named was fair and adequate, and that, on July 30, 1927, the plaintiff tendered to the defendant the sum of $356.89, which was the full amount due on account of the purchase price, interest and other charges. At the same time demand for a conveyance was made upon the defendant and refused.

The defendant demurred to the complaint both generally and specially on the ground that it did not appear that plain-

tiff had performed the contract according to its terms or that the contract had matured on July 30, 1927, or at the commencement of the action. The demurrer was overruled and the defendant answered setting up the issue that plaintiff failed to perform in making the payments at the times specified and was in default at the time of the tender.

It is now argued that the trial court erred in overruling the demurrer and in overruling defendant's objection to the reception of testimony on the ground that the complaint did not state sufficient facts. The objection to the complaint is that it failed to allege the very facts pleaded in defendant's answer—the issue upon which was fully and fairly tried. Whatever may be our view upon the pleadings, we would not hold the ruling of the trial court prejudicial error unless we were satisfied that the demurring party was misled by the alleged defects in the pleading and the cause was not fairly tried on the merits. (*Stein* v. *United Railroads*, 159 Cal. 368, 370 [113 Pac. 663] ; *Tietke* v. *Forrest*, 64 Cal. App. 364, 367 [221 Pac. 681].)

The undisputed evidence is that plaintiff paid her monthly installments at irregular intervals, and that these were accepted by defendant without protest; that a sufficient tender of the balance due under the contract was made on July 30, 1927, and refused by the defendant. Having found these facts true, the trial court directed a conveyance to the plaintiff as prayed. On this issue the defendant offered no testimony other than to show that plaintiff paid no installments under her contract between December, 1926, and the date of the tender. On the merits of the case plaintiff was entitled to judgment under the well-settled rule of *Boone* v. *Templeman*, 158 Cal. 290, 297 [139 Am. St. Rep. 126, 110 Pac. 947] , *Stevinson* v. *Joy*, 164 Cal. 279, 285 [128 Pac. 751] , *Hoppin* v. *Munsey*, 185 Cal. 678, 688 [198 Pac. 398] , and other cases holding that, where the vendor has waived the right to claim a forfeiture because of default in time of payment until after all installments are due, the condition cannot be revived except by reasonable notice to the vendee.

As a special defense the appellant pleaded a second contract executed on February 7, 1925, between appellant and respondent and respondent's son for the purchase of another tract of land. It was claimed that, prior to the execution of this second contract, respondent orally agreed

with appellant that her interest in the land in suit should stand as security for the performance of the second contract until specified payments had been made under the latter. Evidence was received to prove a conversation between respondent and appellant's agent held prior to the execution of the second contract wherein the agent claimed that respondent agreed to his suggestion that her interest in the land in suit should be security for this purpose. The second contract was then received in evidence, and from this it appeared that no mention was made of this plan of security. Respondent then moved to strike the evidence on the ground that it was incompetent and the motion was granted.

The incompetency of this evidence is manifest under the statutory rule approved by all the decisions and found in section 1856 of the Code of Civil Procedure that "when the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms." Here the written contract was prepared by the appellant and signed by the appellant before it was signed by respondent. There is no question of mistake, ambiguity or fraud involved, and none of the exceptions to the parol evidence rule is in anywise applicable.

Judgment affirmed.

Koford, P. J., and Sturtevant, J., concurred.