CLAUGHTON, ET AL. v. JOHNSON, ET AL.

(No. 1851; February 18, 1935; 41 Pac. (2d) 527)

In support of the petition, there was a brief by *Hagens & Wehrli,* of Casper.

In opposition to the petition for rehearing, there was a brief by *F. W. Layman,* of Casper.

BLUME, Justice.

A petition for rehearing has been filed herein by defendants. Opportunity to answer the contentions therein was given to counsel for plaintiffs. Neither the trial court, nor this court, have been able to convince counsel for defendants that this case is entirely different from Quinlan v. St. John, 28 Wyo. 91, 201 Pac. 149, 203 Pac. 1088, the opinion in which, incidentally, was written by the same judge who acted as trial judge in the case at bar. We fear that the time is still too near when counsel, on account of their interest and their association and intimate knowledge of the parties

involved, can take of this case the true perspective which will, we think, naturally, necessarily and compellingly be taken thereof by every court and for that matter, we are convinced, by every disinterested third person.

We sparingly considered the subject of pleadings in the original opinion. We pointed out the reasons therefor. But a great portion of the petition for rehearing, and the brief in support thereof, is devoted thereto, so that we feel that we cannot escape going into it to a greater extent.

Counsel take exception to the statement that the evidence in the case was admitted without objection. The statement was of minor importance, and for brevity's sake we but stated the result, without stating how we arrived at it. Perhaps we should have done so. It is true that at the opening of the trial the appellants interposed a demurrer *ore tenus*, that is to say, they objected to the introduction of any evidence on the ground that the petition fails to state a cause of action. The objection was not then ruled on, but was taken under advisement. We have, after diligent search, been unable to find that the court ever made a ruling, notwithstanding the fact that the abstract of the record, citing page 35 of the record, states the contrary. Nor do we find that the trial court was thereafter asked to make a ruling. It has been held in a number of cases that under these circumstances the objection is waived. St. Louis etc. Co. v. Brown, 62 Ark. 254, 35 S. W. 225; Grape v. Wilderholt, (Ia.) 80 N. W. 516, and cases cited; Federal Schools v. Barry, 195 Ia. 703, 192 N. W. 316; Curcuru v. Electric Light Co., 258 Fed. 785; see McDonald v. Mulkey, 32 Wyo. 144, 231 Pac. 662; Leach v. Frederick, 36 Wyo. 121, 253 Pac. 669. We concede, as contended, that this did not waive the point that the petition fails to state a cause of action; it merely

waived, if anything, only the particular objection made, resulting, therefore, in the evidence being admitted without objection. It seems, however, upon further investigation, that there is some conflict in the authorities. 64 C. J. 221. Hence we prefer to leave the point open at this time. And we shall, in view of counsel's insistence, consider the sufficiency of the petition, in so far as the circumstances herein permit. Most of the reasons given by counsel to show the contrary are based on the theory that the case is governed by Quinlan v. St. John, supra. In view of our decision herein, these reasons will not be mentioned. It could subserve no purpose to do so. Some of the reasons assigned, however, are applicable even under the theory on which we decided the case. These will be mentioned later. It is to be regretted that counsel, even though they disagree with this court in its conclusions, did not see fit, in the brief for rehearing, to argue the sufficiency of the petition from the standpoint of the theory which we adopted. They claim, generally, that we entirely ignored our previous decisions, and seem to think that our view as to the requirements of a petition, as scantily indicated in our original opinion, is altogether wrong, and they apparently contend that a petition must state a complete cause of action in any and all events to uphold a judgment. This view of counsel touches one of the fundamental rules of procedure. If, as counsel claim, we departed from correct and well established principles, it is our duty to mend our error, and notwithstanding counsel's doubt, we would fulfill that duty without hesitation, for no one realizes more than we do that to err is human. We do not, however, think that we committed any error in this connection. To show that, it seems advisable, notwithstanding the lengthy discussion of Mr. Justice Potter in Grover Irr. Co. v. Lovella Ditch Co., 21 Wyo. 204, 131 Pac. 43, to point out, as briefly as possible,

the general and salient features of the fundamental rule of procedure above mentioned, in addition to the special features applicable here.

Even though the system of Code pleading has been in existence for the period of over three quarters of a century, we find a lack of uniformity in the decisions of the courts as to when, and under what circumstances, a pleading should, after judgment, be held to be fatally defective or otherwise. While, at first blush, that seems surprising, it should, perhaps, not be so, when we bear in mind that "there is in all systems of law a perpetual struggle between the principle of rigidity, which makes for certainty, and that of flexibility, which makes for justice in the individual case," and that the subject under discussion is but illustrative of that struggle. Among the principal contenders engaged therein are the legislatures and the members of the bar. Courts have generally been conservative, as shown, for instance, by the rule of *stare decisis*, and instead of being the main contenders, they, to a large extent, but record the ultimate conclusions arrived at, though not without dissension, by others who keep up the struggle. Until, then, definite rules on the subject before us have been adopted in this state, we cannot afford to be dogmatic about it. We cannot say *ipse dixit* and let it go at that, for there seem to be too many masters. Hence we can but hope that, with the aid of the members of the bar, if they will extend it, we may be able to maintain a path of the golden mean.

The rule is general, of course, that a petition must state a cause of action, and we are not unmindful of what has been said in regard thereto in previous decisions of this court. The point that it does not do so is never waived and may be raised even in this court. Nichols v. Weston County, 13 Wyo. 1, 76 Pac. 681; Spaugh v. Peterson, 34 Wyo. 374, 244 Pac. 224; Grover

Irr. Co. v. Lovella Ditch Co., supra; Delfelder v. Bank, 38 Wyo. 181, 269 Pac. 418. The rule is such a familiar one, that we are apt to forget that it has its limitations. It exists, we take it, not because perfection in a pleading is an end in itself and the purpose of the rule, but to guard against recovery by anyone who does not in fact have a cause of action. And like all general rules, it must be applied in the light of other principles of law, and must be consistent therewith. Different stages of a case have always been considered, and whether a case has been tried or not may be important. The effect of an omission in a pleading may be different at one stage than in another. A petition may be fatally defective when filed, but the omission may be deemed supplied by all allegations in the answer, as held in Sowers v. King, 32 Wyo. 167, 231 Pac. 411. That was the rule even at common law. Clark on Code Pleading, Sec. 117. After trial, too, the omissions may be deemed cured and the pleadings aided by the verdict or judgment. That, too, was the rule even at common law. Clark, supra, Sec. 117. And we have a statute (Section 89-1064, Rev. St. 1931) which provides that "the court in every stage of an action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect." The statute states but a general rule that a cause will not be reversed for error in ruling on pleadings, where appellant was not thereby prejudiced. 4 C. J. 929; 2 R. C. L. 244. That rule does not, of course, give the trial court any right to ignore the principles of good pleading, or to sustain or overrule a demurrer or a motion at its whim or pleasure. But it recognizes the fallibility of human judgment, and contains directions to this court when that appears in the court below. Accordingly it is held

that, among other means, the "admission of evidence without objection may aid and enlarge the pleadings, cure defects, or supply omissions thereon, and render it proper for the trial court to treat the pleadings as amended so as to conform to the proof." 49 C. J. 868 and 876. That statement has been substantially applied in a number of instances in this state. Washburn Bettis Co. v. Southern Surety Co., 38 Wyo. 530, 269 Pac. 27 and cases cited. In some of the cases, however, it is held that the rule does not apply when the petition fails to state a cause of action and when a demurrer has been interposed and overruled. National Surety Co. v. Ulmen, 68 Fed. (2d) 330; Ecclesione v. Ry. Co., 58 Mont. 470, 194 Pac. 143; Chapman v. Jones, 149 Ind. 434, 47 N. E. 1065; 49 N. E. 347. In others, it is held that the rule has no application even though no demurrer was interposed to such a petition. New Idea Pattern Co. v. Whelan, 75 Conn. 455, 53 Atl. 953; Kennedy Lumber Co. v. Rickborn, 40 F. (2d) 228; Mannes v. Mach. Co., (Tex. Civ. App.) 241 S. W. 757. In the Indiana case above cited the court held that a statute like ours above quoted does not apply, for the reason that it is a substantial right that a petition should state a cause of action. And see 4 C. J. 1170. In other cases, on the contrary, the rule is more liberal, and it is held that even though a petition lacks an essential element to state a cause of action, yet if the case has been fully and fairly tried, it will not be reversed on appeal, some of the cases so holding even when a demurrer was wrongfully overruled. Garten v. Trobridge, 80 Kans. 729, 104 Pac. 267; Baker v. Miller, 190 Cal. 263, 212 Pac. 11; Sacramento etc. Co. v. Linquist, (C. C. A.) 39 Fed. 900; Wharp Imp. Dist. v. Gypsum Co., 181 Ark. 288, 25 S. W. (2d) 425; Pointer v. Sutherland, 37 N. Mex. 113, 19 P. (2d) 188; Holloway v. Geck, 92 Wash. 153, 158 Pac. 898, 991; U. S.

Casualty Co. v. Drew, 5 F. (2d) 498.; Bearman v. T. & T. Co., 17 La. App. 89, 134 So. 787; Canavan v. Canavan, 17 N. Mex. 503, 131 Pac. 493. Thus in Garten v. Trobridge, supra, the court held that a demurrer was wrongfully overruled, the petition lacking a necessary allegation. But the court said:

"Had the demurrer been sustained, the petition would presumably have been amended by supplying the omitted facts, and the trial could have proceeded as it in fact did. The issue which the omitted facts would have tendered if they had been pleaded was in fact tried to all intents as fully as if the omission had not occurred. We cannot, therefore, regard the error in the ruling on the demurrer as prejudicial to the defendant, but will consider the petition as amended in this particular."

The case does not indicate whether the evidence was admitted without objection or not. We may assume here that no objection was made. There are innumerable instances, however, in which courts have brushed errors aside as not prejudicial, notwithstanding that objections were made in the trial court. That was true, for example, in Sherwood v. Land Co., 99 Cal. App. 663, 279 Pac. 167, in which the objection was on the ground that the petition failed to state a cause of action. We need not pursue the subject further. In all of these cases which hold to the more liberal rule, the ultimate criterion as to whether a case should be reversed on account of defects or deficiency in the pleadings is, as to whether or not the complaining party has been prejudiced, or his substantial rights have been affected, and all other rules relating to the same subject are held to be subordinate thereto. They evidently proceed on the theory that—assuming that the court has jurisdiction—pleadings are but a means to an end and not an end in itself, and that, while parties are entitled to know the claims of their adversary, no cause of complaint exists when that purpose

has in any manner been subserved, and when no prejudice results from lack of allegations, provided of course that a cause of action exists in fact and has been shown; that hence, in a case in which the evidence is before the appellate court, it, along with other matters in the record, will be examined to determine whether or not a deficiency in the pleadings has been prejudicial. Of course, even under the rule of these cases, a pleader must, doubtless, inform the opponent of his claim in some reasonable way, as otherwise it could probably seldom, if ever, be said that no prejudice resulted. See Starkweather v. Eddy, 87 Cal. App. 92, 261 Pac. 763. We need not determine what the rule should be when the evidence is not before the appellate court. We find no case from Ohio which deals with the point now discussed as fully as some of the cases already cited. But it has been steadily held in that state that the ultimate criterion as to whether a case should be reversed on appeal on account of any deficiency in a petition is as to whether or not the appellant has been prejudiced, as mentioned in a statute like our section 89-1064, supra. Dayton Ins. Co. v. Kelly, 24 O. S. 345; Union Ins. Co. v. McGookey & Moore, 33 Ohio State 555; Yokum, Adm'r., v. Allen, 58 Ohio State 280, 50 N. E. 909; The Northern Ohio P. & L. Co. v. Smith, 126 Ohio State 601. In the Union Ins. Co. case, the court said that "the case could not have been more fully tried on its merits upon any form of the pleadings than it was, as shown by the record, upon the issues as they were made in the case. The judgment, then, can not be reversed on account of any possible defect of the petition." In the Allen case, the court said that "the question before this court is not whether this petition tested by technical rules, states a case, but whether the error in overruling the demurrer

has worked prejudice to the adverse party which requires a reversal of the judgment."

This court has not, we think, committed itself against the more liberal rule, although there are expressions in some of the earlier cases which would indicate the contrary. In Hartford Fire Ins. Co. v. Kahn, 4 Wyo. 364, the petition was held not demurrable. No question as to whether or not the petition was aided by subsequent proceedings was involved. In Nichols v. Commissioners, 13 Wyo. 1, it was apparently agreed that the pleadings and the *findings* did not sustain the judgment, and the only proposition before the court was whether in view of that fact the judgment could be reviewed in the absence of an exception. It is true, that it was remarked in that case that the established rule was that this court would reverse a judgment obtained on a petition which fails to state a cause of action. In that part of the statement the court ignored its previous statements in regard to the findings. That question, or the question of aider of pleadings by subsequent proceedings, was not involved. Furthermore, the general statement just mentioned relies upon some decisions from Missouri, and, as we shall see later, pleadings may in that state, in some instances, in any event, be aided by subsequent proceedings. In Davis v. Lumber Co., 14 Wyo. 517, 85 Pac. 980, the court held that in order to determine whether or not a case should be reversed the whole record would be examined. In Grover v. Lovella Ditch Co., 21 Wyo. 204, 232, 131 Pac. 43, the court, through Justice Potter, while calling attention to the statement in Nichols v. Commissioners, supra, said that after a demurrer has been overruled and the defendant has answered and gone to trial "the plaintiff would be entitled at this state of the case to the benefit of anything in the proceedings subsequent to the overruling

of the demurrer that may have aided the defect in the petition," thus apparently approving of the more liberal rule above mentioned. In Lusk Lumber Co. v. Ind. Prod. Cons., 35 Wyo. 381, 249 Pac. 790, on rehearing 36 Wyo. 34, 252 Pac. 1029, the court stated in the opinion on rehearing, that in order to determine whether or not an erroneous ruling on a demurrer should be held to be prejudicial, the court had taken into consideration not only the pleadings, but also the evidence, the instructions of the court, and the verdict, thus again indicating a leaning toward the more liberal rule. However, it is not now necessary to commit the court definitely on the broad statements and holdings of the courts above outlined, since this case may be disposed of by considering a narrower phase of the subject.

3. One of the grounds urged as showing that the petition herein fails to state a cause of action is the allegation therein that Mrs. Claughton obtained the property in controversy for an inadequate consideration. We shall assume with counsel for defendants that an allegation in that form is a conclusion of law, and that a proper allegation in that connection was an essential requisite. The record, however, shows that, as part of the evidence of defendants, their counsel caused it to be stipulated by the parties that the actual consideration paid was the sum of $25.00. We stated in the original opinion that "it would, accordingly, be highly technical to reverse the case, simply to have the petition amended in that respect." This statement is challenged, and that emphatically. We deemed it to be so self-evident that we did not cite any authority in support thereof, and we are, in fact, somewhat surprised that counsel, able as we know them to be, take a different view. The statement is, in substance, correct. Many authorities sustain it, and we

have found none to the contrary, except Wells v. Mut. Ben. Ass'n., 126 Mo. 630, 29 S. W. 607, which was virtually overruled by a later case. It is stated again and again that when a case has been submitted on an agreed statement of facts, any deficiency in the complaint will be supplied thereby, the agreed statement virtually taking the place of the pleadings. 4 C. J. 935; 49 C. J. 844, 849, 852; State v. Jensen, 51 Wash. 59, 97 Pac. 117; Reynolds v. Reynolds, 30 Kans. 91, 1 Pac. 388, which contains a complete statement in that regard; Powell v. Crittenden, 57 Okl. 1, 156 Pac. 661. The rule should not, of course, be any different when the fact stipulated or admitted relates to a particular point. And it has been so held. Morris v. R. Co., 36 Utah 14, 102 Pac. 629; Noel v. Kessler, 252 Pa. 244, 97 Atl. 446. In Canavan v. Canavan, 17 N. Mex. 503, 131 Pac. 493, the court, quoting from some New York cases, said that "when the omitted fact is admitted in the evidence or on argument by the opposing party, he cannot complain of the defect in the appellate court." Of particular interest here is the case of Probst v. Basket, 200 Mo. App. 568, 207 S. W. 891, approved on the specific point here involved in 284 Mo. 372, 224 S. W. 401. In that case, as in the case at bar, there was a demurrer *ore tenus,* but no specific objection was made to any evidence later. A necessary allegation had been omitted from the petition, but counsel for appellant solemnly admitted the fact in reference thereto during the progress of the trial. The court refused to reverse the case on account of the lack of such necessary allegation, saying that to uphold the contrary practice in such case "would, in our judgment, not alone be a large step backward, but would subject, and very properly so, the court which would uphold it to scathing criticism." Furthermore, while the cases are not in harmony, it is at least

doubtful, that we would be authorized to reverse a case, after trial, merely on account that an allegation in a pleading is but a conclusion of law. City of Rawlins v. Jungquist, 16 Wyo. 403, 433-35.

4. A further reason given by defendants that the petition herein is fatally defective is the statement that it fails to offer to do equity. The authorities seem to be hopelessly divided on the question as to whether or not such an offer is necessary. Some of them hold that it is not, and others hold that a petition failing to allege such offer is demurrable. 21 C. J. 400. In the case at bar, plaintiffs, in the petition, offered to pay the sum of $25.00, being the last installment due on the contract, but made such offer to the Realty Company, which was the wrong party. But the plaintiffs did not ask for an unconditional conveyance of the property to the partnership (subject only to such payment), but asked for such conveyance "upon such terms and conditions as the court may deem just and equitable." From this we may by inference gather that plaintiffs were willing to comply with such terms and conditions—in other words, that they were willing to do equity. It is, accordingly, doubtful that the petition in that respect was subject to anything more than a motion for more specific statement. Pomeroy, Code Remedies (5th Ed.), Sec. 443. No demurrer was interposed herein, nor was a motion made to have the petition amended for a more specific statement. While a defendant has the right to raise at any time the objection that a complaint does not state facts sufficient to constitute a cause of action, the longer this objection is delayed, the less favorably should it be viewed by the court. Boltz v. Bonner, (Colo.) 33 P. (2d) 1015. The appellant stated this objection in their answer. The objection was similar to a demurrer, and raising, as it does, an issue of law (Grover Irr. Co. v.

Lovella Ditch Co., supra), the practice of embodying it in the same pleading with an answer is not, in the absence of a statute, ordinarily recognized. 49 C. J. 409-411. In any event, it does not appear that the court acted on the objection thus raising an issue of law, or that its special attention was called to it, and the point was for practical purposes first raised by the demurrer *ore tenus*. And when it was so raised, counsel did not point out the facts which the petition failed to allege. This has been held to be fatal. Clark v. Motor Co., 126 Kans. 419, 268 Pac. 860; Beidner v. Germschied, 41 S. D. 430, 171 N. W. 208; Chilsen v. Bank, 9 N. D. 96, 81 N. W. 33; James River N. Bank v. Purchase, 9 N. D. 280, 83 N. W. 7. We need not so hold it, but it is a fact that should be taken into consideration in determining whether or not the case should now be reversed for the alleged error above mentioned. The Northern Ohio P. & L. Co. v. Smith, 126 Ohio St. 601. The petition should now be liberally construed, and supported by every legal intendment. Fast v. Whitney, 26 Wyo. 433, 187 Pac. 192 and cases cited; Lander State Bank v. Nottingham, 37 Wyo. 50, 259 Pac. 181; Wyoming Stockmens Loan Co. v. Johnston, 33 Wyo. 457, 240 Pac. 449. Under that rule, and no prejudice appearing, we think that the contention of counsel above mentioned must be overruled.

5. The evidence shows that Mrs. Claughton paid nine installments due on the contract of purchase herein, each of $25.00, making a total of $225.00, in addition to the payment of $25.00 when the deed to her was executed. The total is computed by counsel for appellants at $250.00, though it is perhaps somewhat greater. The decree of the trial court left these amounts in an uncertain situation, and we deemed it best to have the decree modified so that A. Claughton would get the benefit of these payments on the final

dissolution of the partnership. We think that we did not go far enough. Counsel have called our attention to the fact that a brother of the plaintiff Frank Johnson has a large judgment against the partnership and that he, accordingly, and not the partnership and A. Claughton may ultimately get the benefit of the payments made by Mrs. Claughton. The particular person who might get such benefit does not matter. But the possibility or probability that some third person would reap all the advantages from such payments should, we think, be taken into consideration. It is true that, as pointed out in the original opinion, the payments which Mrs. Claughton made were, according to her testimony, made for the benefit of her husband. Nevertheless, it also shows that they were not made solely for his benefit. She at times used the plural "we." Her very relationship to A. Claughton suggests the fact that she made the payments for her own protection and her own ultimate benefit as well. We are, therefore, convinced, upon further consideration, that counsel for appellants are right in this connection, and that equity demands that she should receive back the amounts which she advanced. If these amounts should accrue to the benefit of a third party, the fundamental purpose for which she paid them would be wholly and completely frustrated. And the danger or possibility of that suggests and we think requires, that this should not be made possible.

We think, accordingly, that the decree of the trial court should be modified to the effect that the plaintiffs pay, or cause to be paid, to Mrs. A. Claughton, within ninety days from this date, the amounts paid out by her on the property involved herein, in the sum of $250, together with legal interest thereon from February 1, 1933; she at the same time delivering a proper conveyance of the property involved herein to the part-

552

nership, and that upon her refusal to accept such payment or to make such conveyances, upon the condition aforesaid, the title to the property be declared to be held in trust for the partnership, and to be in fact the property of such partnership, free and clear of any claims of Mrs. Claughton; if, however, the said sum of money is not paid or tendered to her within the time above specified, then that the petition herein be dismissed. The trial court may make and enter such additional orders, if necessary, to effectuate the general purposes herein above expressed, and may to that end, if it deems it just, modify the time herein fixed for the payment and conveyance above mentioned. As so modified, the judgment is affirmed and a rehearing denied.

KIMBALL, Ch. J., and RINER, J., concur.